## SONNENBERG v STATE

Ohio Appeals, 2nd Dist, Franklin Co
No. 2064. Decided June 22, 1931

Peter Albeitz, Columbus, for Sonnenberg.

J. H. Cooper, Columbus, for the State.

LEVINE, J (8th Dist) sitting in place of KUNKLE, J.

HORNBECK, J.

We thus have presented for our consideration a charge of dependency against the minor, Donna Jean Sonnenberg, under the Juvenile Act of Ohio, and the first question to be determined is whether or not the charge set forth in the affidavit constitutes dependency. It will be noted that the statement is that the minor child is a dependent child because its parents are divorced. The word dependent has a special meaning under the statute and, of course, a different general meaning of common knowledge. Any child is dependent in a sense, but under the Juvenile Act only if there is no one who is meeting the obligation of care, support and custody which the minor has the right to receive from a parent under the law. The special and controlling definitions of a dependent child are found in §1645 GC:

"For the purpose of this chapter, the words 'dependent child' shall mean any child under 18 years of age who is dependent upon the public for support; or who is destitute, homeless or abandoned; or who has not proper paternal care or guardianship, or who begs or receives alms; or who is given away or disposed of in any employment, service, exhibition, occupation or vocation contrary to any law of the state; who is found living in a house of ill fame, or with any vicious or disreputable persons or whose home by reason of neglect, cruelty or depravity on the part of its parent, stepparent, guardian or other person in whose care it may be, is an unfit place for such child; or who is prevented from receiving proper education or proper physical, mental, medical or surgical examination and treatment because of the conduct, inability or neglect of its parents, step-parent, guardian or other person in whose care it may be;

or whose condition or environment is such as to warrant the state, in the interest of the child, in assuming its guardianship."

It seems obvious, and therefore more difficult of demonstration, that the minor in this case was not a dependent child merely because a daughter of divorced parents. If a child of divorced parents is dependent, by the same reasoning the child whose parents are deceased is dependent. In either case the child may be under safer custody, assured better support and in finer environment though separated from its parents. It is too harsh, under the letter of the spirit of the Act, to make a child a ward of the court during all of its minority, the effect of a finding of dependency upon the bare showing that its parents are divorced.

The record contains no evidence whatever tending to show that the maternal grandmother is an unsuitable person to have the custody of the child, nor that her home is an unfit place in which to rear the child. The report of the probation officer to the court, the testimony of other officers of the court and lay witnesses is to the effect that the home in which the child is being reared is a suitable one and that she is having cultural advantages, religious training and splendid care. This is not questioned by counsel in the record nor in the presentation in this court.

The theory of counsel in presenting and the court in trying the case seemed to be that the sole question for determination was the right of custody of the child as between a parent and grandmother. That as the parent primarily by law had a prior right of the custody of his children over others, and it appearing that he now had a suitable home and was properly prepared to give his child advantages, schooling, care and comfort, he should be awarded its custody, which was done. This theory we cannot support on the case presented to the Juvenile Court.

We do not conceive the purpose of the dependency act to be to require determination which of two suitable homes is the more suitable, whom of two individuals, both fit to have the custody and care of the child, is the more desirable, unless and until it appears that the child is dependent under the statute.

The charge in this case was the dependency of the minor. There is no evidence tending to support it, and the court does not in its entry make such finding. A judgment of dependency, if supported by the testimony, was the basis of any further action by the court.

It follows, therefore, that inasmuch as the affidavit does not state a jurisdictional

charge under the statute, the proof does not support any charge of dependency which could be made thereunder and the court makes no adjudication of dependency in its judgment, that error intervened in this case to the prejudice of the plaintiff in error and the case must be reversed and the minor discharged.

We give some consideration to the question raised respecting the authority of the Juvenile Court to make determination of the custody of the minor in this case in the proceedings instituted by the filing of the affidavit under consideration and in so doing appreciate that we are not required to consider it to dispose of the error proceeding.

The certification of transfer in the divorce case of Sonnenberg v Sonnenberg had the effect of bringing that case, as it related to the care, custody and support of the minor into the Juvenile Court and it should there be styled and carried as in the original action, and subsequent orders relating thereto should be made in that case. It is separate and distinct from and has no relation to an action under the dependency or delinquency sections of the statute. The Juvenile Court is charged with knowledge of the existing orders in the divorce case affecting the care, custody and support of the minor, and they are effective until reversed or modified.

The anomoly appears in the instant action. We now have a judgment specifically affecting the custody of a minor in a dependency action of record in the Juvenile Court, and directly counters thereto in the case of Sonnenberg v Sonnenberg in the same court an unmodified entry awarding the custody of the minor to the maternal grandmother. This latter judgment is not part of nor directed to the record in the divorce case, nor could it be under the present status of the proceedings.

It is interesting to look at §8034-1 and §1642-1 GC in this connection:

Sec 8034-1 GC:

"In any case where the Common Pleas Court, or a probate court having jurisdiction has made an award of the custody of a minor child or children and an order for support of such minor child or children, such court may certify the same to the juvenile court of the county for further proceedings thereunder according to law, and thereupon the jurisdiction of the Common Pleas Court, or probate court, in such case as to the custody and support of such minor child or children shall cease."

Sec 1642-1 GC:

"In any case where the custody and support of a minor child or children has been determined and decreed by the Common Pleas Court, or a probate court having jurisdiction, and such case has been certified to the juvenile court as provided in §8034-1 GC the juvenile court shall have jurisdiction to proceed therein as in original cases." We interpret this language to mean that the Juvenile Court has jurisdiction to proceed in the Sonnenberg divorce case respecting the subject matter transferred to the court as though originally instituted in the Juvenile Court. This contemplates the same procedure, if it is desired to modify the decree, as in Common Pleas Court.

If the father of the child, who was responsible for the institution of the dependency proceedings, desires a modification of the order affecting the custody of the child in the divorce case it would be regular and proper that he file a motion in that case to modify the former order by awarding the custody of the child to him. In such action he and not the state would be the party affected. If this were done it is procedural and necessary that notice be given to the maternal grandmother, Mrs. Linthwaite, who had a substantial right under the former decree, that such motion had been made and would be heard at a certain fixed date. This procedure would enable her to appear and make her proper defense if desired, and from the action of the court, if unfavorable to her, she would have the right to prosecute error.

In the dependency action the maternal grandmother is not a party, had no right to appear and defend, could take no exception to the action of the court and could not prosecute error to the judgment. The trial court in the divorce case, under §11987, GC, had jurisdiction to make such order for the disposition, care and maintenance of the child as was just, before this judgment could be vacated, reversed or modified proceedings should have been regularly instituted in that case. Any other construction would terminate the continuity of jurisdiction that has always been recognized in custodial and support orders in divorce cases and relegate the procedure to dependency and delinquency actions.

The question presented has been under consideration in three instances. In re Konneker, 30 Oh Ap, 502, Second Syllabus:

"The Legislature having defined a dependent child and provided a special court proceeding for determining such dependency, the power thus conferred must be exercised by the court within the jurisdic-

tion granted and not otherwise."

This supports our conclusion that the only matter for adjudication before the court in the instant proceeding was a determination as to the dependency of the child, a proceeding in which the question to be determined obviously was different from that which would have been presented had there been a motion to modify in the divorce case.

The Attorney General of Ohio has given consideration to the dependency and delinquency statutes in two opinions, Volume 1 O. A. O. page 630; 1925 O. A. O. page 160. Both of these opinions are of interest and the theory in support thereof in the main sound. In the first opinion the distinctive character of the Juvenile Court and the Common Pleas Court is stressed, and in the latter opinion the Attorney General considers the narrow question presented in our case. The conclusion reached is that in the Juvenile Court further proceedings incident to the custody of children, where that question has been certified from the Common Pleas Court, are conducted as though the case arose under the Juvenile Court sections. If we rightly interpret it the determination is to the effect that the case should be considered as though it originally arose in the Juvenile Court, and as the Juvenile Court only has jurisdiction under acts relating to dependency and delinquency, that it should be treated as such an action. We are not in accord with this view. We do not believe that it was the purpose of the Legislature to change a case wherein only the custody and support were involved, independent of any charge of dependency or delinquency to the latter type of case.

We are of opinion that the purpose of this legislation as manifested by a consideration of §8034-1 GC, in conjunction with §1642-1 GC, is to clothe the Juvenile Court with jurisdiction to proceed in divorce cases, in a matter respecting the custody and support of a minor, which have been certified to it as the Common Pleas Court would have been authorized originally to do. That the case certified does not thereby become a case under the dependency or delinquency statutes, but retains its character as an adversary proceeding, bearing the same style and to all intents and purposes the identity of the original case. Thereafter, should modification of the order respecting the custody or support be desired such action could be invoked by the same procedure as is commonly recognized in such cases, and until the judgment respecting the custody and support in the divorce case has been so modified it should be recognized as a subsisting order by the Juvenile Judge. Even if the opinion of the Attorney General were correct, namely, that the juvenile court may proceed under its own procedural requirements nevertheless some sort of procedural step is necessary. In order to give sanctity to court orders which substantially affect the rights of parties before such parties can be divested of the rights so conferred upon them, an opportunity should be offered them to defend against any change or modification.

We do not say that the Juvenile Court could not consider and determine a charge of dependency or delinquency respecting a minor without modification of an order respecting its custody which order has been certified under §8043-1 GC, but we hold that modification of custody can not be accomplished by dependency proceedings unless dependency be charged and proven.

Judgment reversed and minor ordered released.

ALLREAD, PJ, and LEVINE, J, concur.