Assuming that the plaintiff was entitled to a charge on the last clear chance such charge should not have included the words ''or should have observed.'' As given the instruction was erroneous.

For the three errors mentioned the judgment is reversed, and the cause remanded for a new trial.

*Judgment reversed and cause remanded.*

MIDDLETON and BLOSSER, JJ., concur.

## MIESZKALSKI *v.* MIESZKALSKI.

(Decided November 21, 1932.)

*Miss May E. Gillen* and *Mr. Frank A. Carabin,* for plaintiff in error.

*Mr. Cornell Schreiber* and *Mr. S. R. Urbanski,* for defendant in error.

WILLIAMS, J. This proceeding in error is brought by

Marie Mieszkalski, plaintiff in error, against Bruno Mieszkalski, defendant in error, and plaintiff in error seeks a reversal of the judgment of the Court of Common Pleas for alleged error in terminating the payment of installments of alimony for the support of one of two minor children.

The original action was one for divorce and alimony and was tried and decided some years ago. Divorce was granted to the husband, Bruno Mieszkalski, on the ground of gross neglect of duty, and custody of the two minor children, Irene and Henry, was awarded to the wife, Marie Mieszkalski, with privilege of visitation by the husband at all reasonable times, and in the original decree the court ordered and adjudged that the husband pay through the Toledo Humane Society, for the support and care of the two minor children, the sum of $40 per month, payable on the fifteenth and last day of each month.

The final order of the court below, of which plaintiff in error complains, recites that the matter comes on upon motion to modify the order of $40 per month theretofore made for the support and maintenance of Irene Mieszkalski and Henry Mieszkalski, and that the court finds that on May 25, 1932, Irene Mieszkalski reached the age of eighteen years and is without employment or vocational training at the termination of her school year, and that she is still a "dependent, propertyless child," and the final order further recites that the "court terminates the payments for the support and maintenance of Irene Mieszkalski on the sole ground that she has reached the age of eighteen years, and modifies and vacates the order theretofore made for her maintenance and support."

No bill of exceptions was taken upon the hearing of the motion to modify the order, but the question is raised upon the journal entry and finding of facts therein contained, and it is contended by plaintiff in error that the action of the court below, in terminating

the continuing order for the payment of installments of alimony for support of the minor child Irene, solely upon the ground that she had reached the age of eighteen years, is reversible error.

Section 7997, General Code, requires that the husband must support himself, his wife, and his minor children out of his property or by his labor, and if he is unable to do so the wife must assist him, so far as she is able. Under Section 8023, General Code, all persons are of full age, to all intents and purposes, who are twenty-one years old and upward.

The father is not relieved of the duty cast upon him by the statute merely because the minor child has reached the age of eighteen years, and it constituted reversible error for the court to terminate the payments of support solely upon that ground.

For error to the prejudice of plaintiff in error in the respect stated, the judgment will be reversed and the cause remanded for further proceedings according to law.

*Judgment reversed and cause remanded.*

LLOYD and RICHARDS, JJ., concur.