## SLAWSKI *v.* SLAWSKI.

(Decided November 5, 1934.)

*Mr. Hyman Topper,* for plaintiff in error.
*Mr. Frank A. Carabin* and *Miss Mary E. Gillen,* for defendant in error.

RICHARDS, J. Henry P. Slawski was found guilty of contempt in the Juvenile Court for failure to pay amounts awarded against him in an action for divorce and alimony brought in the Court of Common Pleas. He seeks in this court a reversal of the judgment and sentence on the charge of contempt, contending that the Juvenile Court had no jurisdiction to punish for contempt for non-compliance with the order to pay the amounts ordered for the support of one of the children, and contending further that if the court has such jurisdiction the judgment is manifestly against the weight of the evidence.

The case was commenced in the Court of Common Pleas by Henry P. Slawski to obtain a divorce from his wife. She filed a cross-petition, asking for divorce and alimony, and the court awarded her a divorce from the husband and gave her the custody of the minor children, fixing at the same time the amount to be paid as alimony and for the support of the children. The amount awarded for the support of the children was subsequently modified and reduced, so that the father was required by the order of the court to pay for the support of his minor child Frederick the amount of $22.50 a month, and an additional sum of $15 a month to be applied on certain delinquent payments. Upon rendition of the judgment for divorce, the Common Pleas Court, pursuant to the authority contained in Section 8034-1, General Code, certified the case to the Juvenile Court for further proceedings according to law. Frederick was at that time a minor under eighteen years of age, and it is contended on behalf of plaintiff in error that the authority and jurisdiction of the Juvenile Court to act in the matter terminated at the time when he became eighteen years of age. We think the contention so made is not tenable in view of the provision contained in Section 1643, General Code. The jurisdiction of the Juvenile Court having attached

when the child is under eighteen years of age, the child continues to be the ward of the court until attaining the age of twenty-one years. This is in accordance with the principles announced by the Court of Appeals of Franklin county in an opinion by Hornbeck, J., in *Sonnenberg* v. *State,* 40 Ohio App., 475, 178 N. E., 855. Nor is there any merit in the contention that the duty of the father to furnish support would cease on arrival of the son at the age of eighteen years. *Mieszkalski* v. *Mieszkalski,* 44 Ohio App., 152, 184 N. E., 709.

We think, therefore, that the Juvenile Court had jurisdiction to make all lawful orders made necessary by reason of non-compliance with the order made in the Court of Common Pleas awarding amounts for the support of the minor child.

Plaintiff in error, however, contends further that proceedings in contempt will not lie for the enforcement of the monthly installments ordered to be paid for the support of the minor child, and that the only remedy is a proceeding in aid of execution. We do not so understand the law. Such an order is not a judgment for the payment of money, nor is it a debt within the constitutional inhibition against imprisonment for debt. It is like an order or judgment for the payment of alimony, and contempt will lie for wilful failure to comply with its terms. *State, ex rel. Cook,* v. *Cook,* 66 Ohio St., 566, 64 N. E., 567, 58 L. R. A., 625; *In re Whallon,* 6 Ohio App., 80. The authorities justifying proceedings in contempt are collected in the annotation in 30 A. L. R., 130. See, also, 30 Ann. Cas., 1087. We can discover no want of authority to adjudge a party in contempt for the wilful non-payment of an amount ordered payable in monthly installments for the support of a minor child.

Is the finding and judgment in contempt manifestly against the weight of the evidence? The evidence shows that Henry P. Slawski is in receipt of a salary

from the government of not less than $150 per month, as a letter carrier, and has been in continuous receipt of such salary for a long period of time. Indeed, the bill of exceptions shows that he received as such salary the sum of $3,079.13 from March 1, 1932, to November 15, 1933. It is clear that from this amount he should pay the sums fixed by the court for the support of his minor child.

*Judgment affirmed.*

WILLIAMS and LLOYD, JJ., concur.