**JONES, a Minor, In re.**

Juvenile Court, Muskingum County.

No. 89575.   Decided May 22, 1946*

* No appeal taken.

Thomas A. Joseph, Zanesville, for applicant.
Clarence J. Crossland, Zanesville, for respondent.

## OPINION

By LAMNECK, J. Sitting by designation.

On March 20, 1946, Elizabeth K. Jones, the mother of Elizabeth Jane Jones, a minor, filed an application in this court asking the court to determine the amount of support that should be paid by Earl J. Jones, the father of said child, for the support, maintenance, education and well-being of said child. A summons was served on the father of said child, and following this, the father filed an answer in which he entered his appearance only for the purpose of answering as previously ordered by the court, and in which he objected to the court taking jurisdiction of this cause. The matter was heard by the court on the sole question of jurisdiction.

It appears from the evidence submitted in this case that the parents of said child were divorced in the common pleas court of Muskingum County on December 22, 1945. In its de-

cree the court made no direct mention of the minor children of the parties, but did approve a separation agreement entered into by the parties on November 5, 1945, and made it a part of the decree of divorce.

In the separation agreement appears the following: "The custody of Elizabeth Jane Jones shall be given to the mother." The agreement is silent as to what sum should be paid for the child's maintenance and support.

There is no question that the juvenile court would have jurisdiction of this case if the common pleas court had certified the divorce case to the juvenile court. Under §1639-16 GC., the juvenile court has "jurisdiction to hear and determine the case of any child duly certified to the Court according to law by any court of competent jurisdiction, and to make disposition of said child in accordance with the provisions of this chapter."

The first paragraph of §8034-1 GC, also provided that "Any court other than a juvenile court, having jurisdiction in any case respecting the care, custody or support of a child under eighteen years of age may, on its own motion or on motion of any interested party, with the consent of the juvenile court, certify the record in the case or so much thereof and such further information in narrative form or otherwise as the court deems necessary or the juvenile court may request, to the juvenile court for the further proceedings according to law; and thereupon the juvenile court shall have exclusive jurisdiction respecting such child. This section shall apply to pending actions."

The juvenile court has not acquired jurisdiction under these sections because no certification was ever made to the juvenile court by the court of common pleas.

The question then remains whether the juvenile court can acquire jurisdiction over a child of the parties to a divorce action independent of the court granting the divorce decree.

There can be no serious dispute that a juvenile court in a delinquency case can commit a delinquent child to an institution even though the child is a ward of a divorce court.

Before the adoption of the new juvenile court act effective August 19, 1937, it was uniformly held that the sections of the juvenile court code conferring jurisdiction on the juvenile court authority to determine cases involving delinquent, neglected and dependent children, did not supersede §11987 GC,

empowering courts of common pleas to make orders for the disposition, care and maintenance of children of parents involved in divorce proceedings. (**Orphan Asylum v Soule, 5 Ohio App. 67,** 24 O. C. C. [N. S.] 151.) Under the former juvenile court sections it was held that a complaint of delinquency or dependency of a child presented a question which was obviously different from that which is presented when there is a' motion presented to modify an order in a divorce case. (**Sonnenberg v State, 40 Ohio App. 475,** 178 N. E. 855.) In this case Judge Hornbeck concluded his opinion by stating "We do not say that the juvenile court cannot consider and determine a charge of dependency or delinquency respecting a minor without modification of an order respecting its custody which order has been certified under §8034-1 GC, but we hold that modification of custody cannot be accomplished by dependency proceedings unless dependency be charged and proven."

Under §1639-16 GC, as amended effective January 1, 1946, the juvenile court has **exclusive original jurisdiction** over delinquent, neglected, dependent, crippled, or otherwise physically handicapped children. This section was enacted to give the juvenile court jurisdiction over such a child even though the child is a ward of a divorce court. To hold otherwise would make a farce of positive legislation. No one would contend that a probate court could not commit a minor child of divorced parents to an insane institution if it became insane, or to an epileptic institution if it became epileptic, or to a feeble-minded institution if it was found to be feeble-minded, simply because it was a ward of a divorce court. There is no reason why the same reasoning should not prevail when a complaint of dependency, neglect, or delinquency is filed and proven in which a child of divorced parents is involved, especially when the statute gives **exclusive original jurisdiction to the juvenile court in such cases.**

A complaint of dependency, neglect or delinquency involves a more serious question than mere custody between parents. **Sec. 1639-59 GC,** specifically provides that "When a child is removed from its own family, it is the intent of this chapter to secure for such child, custody, care and discipline, as nearly as possible equivalent to that which should have been given by its parents. The principle is hereby recognized that children under the jurisdiction of the court are wards of the state. subject to the discipline and entitled to the protection of the state, which may intervene to safeguard them from neglect

or injury, and to enforce the legal obligations due to them and from them. To this end this chapter shall be liberally construed."

Sec. 1639-16 GC, gives the juvenile court jurisdiction to determine custody of a child when it is not delinquent, neglected, dependent, crippled, or otherwise physically handicapped, only when the child is "not a ward of another court."

From this it would be reasonable to infer that the juvenile court could exercise the other jurisdiction conferred upon it relative to delinquent, neglected, dependent, crippled, or otherwise physically handicapped children, even though a child was a ward of the court granting a divorce to its parents.

While it might be inferred from the application filed in this case that the child in question is alleged to be a neglected child, before the court can acquire jurisdiction, the procedural statutes must be substantially followed. (State v Moloney, 126 Oh St, 526, 186 N. E. 362.)

Sec. 1639-23 GC, provides that a proceeding relative to a neglected child be instituted by a sworn complaint. Upon the filing of the complaint, the Court under §1639-24 GC, unless the parties voluntarily appear, must issue a citation reciting briefly the substance of the complaint and requiring the parents, guardian, or the person or persons who have the custody or control of the child, or with whom it may be, to appear personally and bring the child before the court at the time and place stated. An application instead of a complaint was filed in this case, and a copy of the application was all that was served on Earl J. Jones, the father of said child. No citation as the statute contemplates in neglect, dependency, or delinquency cases was ever issued. This was probably due to the fact that the applicant simply asked the court to "set a time for a hearing to determine the amount of support that should be paid by said Earl J. Jones, for the support, maintenance, education and well being of said child." The court feels that the procedure followed and the inadequacy of the application is not sufficient to confer jurisdiction on the court.

If the applicant herein is seeking an order to have the amount the father should pay for the support of the child in question fixed and determined, the proper court in which to have that matter determined is in the court which granted the divorce unless the custody and support of the child is certified to the juvenile court as provided by law.

Sec. 11987 GC, provides that the Court granting the divorce "shall make such order for the disposition, care and maintenance of the children, if any, as is just." The court is re-

quired to make such order whether such question is presented by the pleadings or not. (**Bower v Bower, 90 Oh St, 172, 106 N. E. 969.**)

If the court has failed to make an order relative to the custody and support of the children, nevertheless the court granting the divorce has exclusive jurisdiction to determine the custody and support of the minor child of the parties as between the parties. (**Ainsworth v Ainsworth, 21 Abs, 590.**)

Sec. 8033 GC, effective January 1, 1946, reads as follows:

"Upon hearing the testimony of either or both of such parents, corroborated by other proof, the court shall decide which one of them shall have the care, custody and control of such offspring, taking into account that which would be for their best interests, except that, if such children be fourteen years of age or more, they may be allowed to choose which parent they prefer to live with, unless the court shall find that the parent so selected is unfitted to take charge of such children, in which event the court shall determine which parent shall have custody of such children. The above provisions permitting children to choose the parent with whom they desire to live, also shall apply to proceedings for modification of the former orders of the court, fixing the custody thereof, as in original actions. Provided that if the court finds with respect to any child under eighteen years of age that neither parent is a suitable person to have the custody of such child, the court shall, with the consent of the juvenile court, certify a copy of its findings, together with so much of the record and such further information in narrative form or otherwise, as the court deems necessary or the juvenile court may request, to the juvenile court for further proceedings according to law, and thereupon the juvenile court shall have exclusive jurisdiction respecting such child. This section shall apply to pending actions."

Sec. 8034 GC, also provides that "The court may order either or both parents to support or help support such children, who ever be their custodian, and also may make any just and reasonable order or decree permitting the parent who is deprived of such care, custody and control of children to visit them at such time and under such conditions as the court may direct. The juvenile court shall have exclusive jurisdiction to enter such orders in any case certified to such court from another court."

The sections of the General Code quoted above prevent the juvenile court from exercising jurisdiction in a contest

over the custody and support of a child between the parties to a divorce action. In the absence of a certification of the custody and care of the child in this case to the juvenile court, the applicant must apply to the court rendering the divorce decree if she seeks to have the amount to be paid to her by the father of the child fixed and determined. Judgment accordingly.