**MIEROWITZ, Plaintiff-Appellee, v. MIEROWITZ, Defendant-Appellant.**

Ohio Appeals, Seventh District, Mahoning County

No. 3121—Decided July 20, 1946.

K. H. Powell, Youngstown, for Plaintiff-Appellee.

Manchester, Bennett, Powers & Ullman, Youngstown, for Defendant-Appellant.

DOYLE, J, of the Ninth District: MORGAN J, SKEEL J, of the Eighth District, sitting by designation.

## OPINION

By SKEEL, J.

The plaintiff filed his first petition for divorce against the defendant in the common pleas court of Mahoning County on January 14, 1943. On August 6, 1943, defendant filed an answer and cross-petition seeking alimony for her separate support. On August 12, 1943, the court upon trial denied plaintiff the relief prayed for in his petition, provided for the custody and support of the minor child of the parties, but made no entry on the cross-petition. Thereafter the court granted plaintiff's motion for a new trial. The plaintiff then dismissed his petition. On October 18, 1944 the plaintiff again filed his petition for divorce and got service by publication upon the defendant. He then filed an amended petition on December 29, 1944, and caused service to be had in like manner. The petition among other things, alleges the marriage of the parties, that two children were born of said marriage and prays for a divorce on the grounds of gross neglect of duty and extreme cruelty.

The defendant filed a demurrer to plaintiff's amended petition on the ground that it did not state facts sufficient to constitute a cause of action.

The defendant was at all times a resident of New York City.

On June 6, 1944, the case was called for trial. Defendant's counsel called the court's attention to the fact that the de-

murrer had not been ruled on and asked the right to be heard upon it. Whereupon the court summarily overruled the demurrer to which ruling the defendant excepted. Defendant's counsel then asked leave to file an answer and asked for a postponement of the trial until his client could reach Youngstown, Ohio, from New York City. Both of these requests were denied and when it was called to the attention of the court that the cross-petition of defendent in the previous case had not been disposed of, the court ordered the said cross-petition consolidated with the case then before the court and, over the objection of the defendant, ordered the trial to proceed.

Upon trial, it was developed that one of the children of said marriage, to-wit, Bernice, was a minor of 17 years of age and was then living with her mother in New York City. The court, upon the conclusion of the hearing on June 6, 1945, held the case for consideration until June 26, when a decree was entered granting plaintiff appellee a divorce on the grounds of gross neglect of duty and extreme cruelty, but no entry of custody or order of support was made with respect to the minor child of the parties. After the demurrer had been overruled and the hearing had been concluded, to-wit on June 7, 1945, defendant's attorney filed an answer without first obtaining leave of court.

This appeal is on questions of law from the decree thus entered claiming the following prejudicial errors:

1. In overruling appellant's motion for new trial.
2. In overruling appellant's demurrer.
3. In failing to provide support for defendant and her minor child.

Sec. 11576 GC provides as follows:

"A former verdict, report or decision, shall be vacated and a new trial granted by the trial court on the application of the party aggrieved, for any of the following causes affecting materially his substantial rights:

1. Irregularity in the proceedings of the court, jury, referee, master, or prevailing party, or any order of the court or referee, or abuse of discretion, by which he was prevented from having a fair trial; * * *."

Sec. 11362 GC provides:

"When a demurrer is overruled, the party who demurred

may answer or reply, if the court is satisfied that he has a meritorious claim or defense and did not demur for delay."

The record fails to disclose any ground upon which the court could refuse the defendant her statutory right to file an answer to the allegations of plaintiff's petition. To force the case to trial in the face of a request for leave to answer after the court overruled a demurrer which had been timely filed by defendant, and to summarily order a cross-petition which defendant had filed as defendant in an earlier case between the same parties in which the plaintiff was seeking the same relief on the same grounds and in which the court upon trial had denied plaintiff a divorce, and in which trial the court had failed to dispose of the defendant's cross-petition, constituted an abuse of discretion entitling the defendant to a new trial. This must be true where the defendant is a non-resident of the state who could not be expected to attend a hearing of a case until the issues have been made up or sufficient time has elapsed for defendant to be in default of answer, and the case set for trial upon the merits.

Coming now to the question of the failure of the court to make provision for the custody and support of the parties minor child.

**Sec. 11987 GC** provides:

"The granting of a divorce and dissolution of the marriage in no wise shall affect the legitimacy of the children of the parties thereto. The court shall make such order for the disposition, care and maintenance of the children, if any, as is just * * *."

The court's duty to provide for the care, custody and support of a minor child is therefore not dependent upon the issue of custody and support being presented by the pleadings.

In the case of **Bower v Bower, 90 Oh St 172**, the supreme court held as follows (page 74):

"* * * Where a divorce is granted, or where alimony is allowed to the wife for her separate maintenance, it is the duty of the court to make such order for the disposition, care and maintenance of the minor children of such marriage, if any, as is just, regardless of whether such question is presented by the pleadings or not."

It was therefore, error prejudicial to the defendant for the court to have failed to make provision for the custody and support of the minor child of the parties.

The judgment of the common pleas court is therefore reversed and remanded with instructions to grant the defendant leave to file an answer, or answer and cross-petition, and for further proceedings according to law.

DOYLE J, MORGAN J, concur.