ZAYDA FERNÁNDEZ, ETC., Plaintiff and Appellee, v. HAMILTON S. DAVISON, Defendant and Appellant.

No. 12298. Submitted April 2, 1958.—Decided April 18, 1958.

*Enrique Igaravídez* for appellant. *Abelardo Ruiz Suria* for appellee.

MR. JUSTICE PÉREZ PIMENTEL delivered the opinion of the Court.

On February 26, 1954, the Superior Court entered judgment by default decreeing the divorce between the plaintiff, Zayda Fernández, and her husband, Hamilton S. Davison, and awarding to the plaintiff the *patria potestas* and custody of the minor daughter born of the marriage, Mary Ann

Davison Fernández. The said judgment also ordered the defendant therein "to pay to the said minor daughter an allowance for support of $100 a month, to be paid through the office of the clerk of the court, in advanced monthly instalments and not later than the fifth day of each month." The defendant did not move for reconsideration of the said judgment nor appealed therefrom, causing it to become final (*firme*).

Two years later the minor, Mary Ann, represented by her mother, sued her father to collect the allowances for support due to her as of the date of the divorce decree. The defendant answered, alleging as defenses (1) that the pronouncement in the divorce decree ordering him to pay to his daughter an allowance for support was void because the petition for divorce contained no allegation to that effect, and that, since judgment was entered by default, he was deprived of the opportunity to defend himself and, therefore, he was sentenced without the due process of law, and (2) that "the defendant has contributed in proportion to his means to the maintenance and support of his daughter. . . ."

The trial having been held, the Superior Court entered judgment ordering the defendant to pay to his daughter the sum of $2,800 for past-due allowances for support, plus $200 for attorney's fees. The defendant then filed a motion for reconsideration, and after a hearing the court entered another judgment containing the following pronouncements: (1) it ordered the defendant to pay the allowances in arrears from March 1954 to September 1956, totalling $3,100, and deducted from that amount the sum of $750 which the defendant had paid to his daughter on different occasions, leaving a balance of $2,350; (2) it reduced the amount of the allowance from $100 to $60 a month as of October 1956, when the motion for reconsideration was heard; and (3) it imposed on the defendant the payment of the costs and $300 for attorney's fees. From this judgment the defendant took the present appeal.

In his first assignment of error the defendant alleges that the divorce decree, insofar as it orders him to pay allowance for support to his daughter, is void because he was not given notice of such claim either in the petition for divorce nor in the summons which was served personally. He contends that since the divorce decree was entered by default, he was not given an opportunity to be heard in connection with the support for his daughter and, consequently, that that decree granted more than the relief prayed for in the petition in violation of Rule 54(c) of the Rules of Civil Procedure.[1] He cites the general rule to the effect that a judgment by default should be supported by the pleadings, otherwise it is void.

We agree that such is the general rule. However, the same is not applicable to the present case. Section 107 of the Civil Code (31 L.P.R.A. § 383) provides that "When rendering judgment in cases of divorce, the judge shall provide as may be pertinent for the support of the minor children." This precept imposes on the judge the duty to make provision in his divorce decree for the support of the minor children. It is mandatory and incidental to the divorce decree. The action filed is that of divorce, and it is sufficient if the petition contains the allegations incidental to this kind of actions. It is not absolutely necessary to include in the petition a claim for the support of the minor children nor a prayer for that remedy. Every defendant should know that by statutory provision the judgments entered in divorce suits should provide for the support of the minor children. The rule is no different when the

---

[1] Rule 54 of the Rules of Civil Procedure provides in subdivision (c):
"Rule 54.—Judgments
" . . . . . . .

"(c) *Demand for Judgment.*—A judgment by default shall not be different in kind from or exceed in amount that prayed for in the demand for judgment. Except as to a party against whom a judgment is entered by default, every final judgment shall grant the relief to which the party in whose favor it is rendered is entitled, even if the party has not demanded such relief in his pleadings."

defendant, as here, is in default. Therefore, the failure to include in the petition for divorce a claim for support of the minor children and the absence of a prayer for an adequate remedy, do not render void a divorce decree awarding such support, even though it has been entered by default against a defendant who has been summoned personally. *Stanton* v. *Stanton*, 298 Pac. 524; *Adams* v. *Adams*, 171 P. 2d 556; *Donahue* v. *Alcorn*, 108 P. 2d 786; *Bower* v. *Bower*, 106 N. E. 969; 2 Nelson, *Divorce & Annulment* § 14.87, at 98; Keezer, *Marriage & Divorce* § 728, at 771; Annotation in 12 A.L.R. 2d 343. See, also, *In re Jones*, 68 N. E. 2d 97; *Mierowitz* v. *Mierowitz*, 71 N. E. 2d 526; *Remus* v. *Remus*, 39 N. W. 2d 211.

 The fact that plaintiff's attorney stated during the trial of the divorce that the parties would make a stipulation on the support of the minor children, has no significance. A stipulation to that effect should be submitted to the court for its approval and incorporation in the divorce decree. This was not done in the present case, and the judge proceeded correctly in hearing the evidence in order to make proper provision for the support of the minor children. The court is not bound by a stipulation of the parties on the support of the minor children. *Beaulac* v. *Beaulac*, 191 P. 2d 478. The defendant was notified of the divorce decree and he did not move for reconsideration nor appealed therefrom. Two years later, when claim is made in an independent suit for the payment of the back allowances for support, he alleges for the first time that the divorce decree is void. Unquestionably, this is a collateral attack on the divorce decree and the trial judge did not err in so deciding. Since the divorce decree is valid in all its pronouncements, the defendant was barred from attacking the same collaterally in an action claiming allowances for support. See *Cancel* v. *Martínez*, 74 P.R.R. 100, and *Rodríguez* v. *Albizu*, 76 P.R.R. 590. Consequently, the first two errors were not committed.

250

■ Nor was the third error committed and it is without merit. The action brought herein is an action for collection of back allowances for support, that is, an action of debt for that amount. The judge ordered the reduction of the allowance as of the date the motion for reconsideration of the judgment ordering the payment of the back allowances for support was passed upon. It was not necessary to give retroactive effect to the reduction of the allowance as of the date the defendant alleged in his answer that "he has contributed in proportion to his means to the maintenance and support of his daughter. . . ." It is not correct to affirm, as does the appellant, that since the claim for the allowance for support is retroactive to the filing of the complaint, the reduction of the allowance fixed should also be retroactive to the date of the petition for the reduction. There is no legal provision whatever to that effect. The ability or inability of a defendant to pay an allowance for support is strictly a question of fact. Hence, it is the duty of the judge to fix the date as of which the reduction of the allowance for support will be effective. In this case the judge had before him sufficient evidence for reducing the allowance for support without retroactive effect.

Nor have we found that the trial court erred in weighing the evidence or in imposing on the defendant the payment of the attorney's fees.

The judgment appealed from will therefore be affirmed.