ZAYDA FERNÁNDEZ, por sí y como madre con patria potestad sobre su hija menor de edad, MARY ANN DAVISON FERNÁNDEZ, demandante y apelada, v. HAMILTON S. DAVISON, demandado y apelante.

Número 12298.

*Sometido:* 2 de abril de 1958. *Resuelto:* 18 de abril de 1958.

*Enrique Igaravídez,* abogado del apelante; *Abelardo Ruiz Suria,* abogado de la apelada.

El Juez Asociado Señor Pérez Pimentel emitió la opinión del Tribunal.

En 26 de febrero de 1954 el Tribunal Superior dictó sentencia en rebeldía decretando el divorcio entre la demandante Zayda Fernández y su esposo Hamilton S. Davison y concediendo a dicha demandante la patria potestad y custodia de la menor hija habida en el matrimonio, Mary Ann Davison Fernández. La indicada sentencia condenó además al allí demandado "a pasar, en calidad de pensión alimenticia para su hija menor de edad, arriba nombrada la suma de $100 mensuales la que deberá pasar por conducto de la secretaria del tribunal, por meses adelantados y no más tarde de los primeros cinco días de cada mes". El deman-

dado no solicitó la reconsideración de dicha sentencia ni apeló de ella, convirtiéndose en firme.

Unos dos años después la menor Mary Ann, representada por su madre, demandó a su padre en cobro de las pensiones alimenticias adeudadas por éste desde la fecha de la sentencia de divorcio. Contestó el demandado y como defensas alegó (1) que la sentencia de divorcio en su disposición condenándole a pasar una pensión alimenticia a su hija era nula porque la demanda de divorcio no contenía alegación alguna a ese efecto y habiéndose visto el caso en rebeldía, se le privó de la oportunidad de defenderse, y por lo tanto, se le condenó sin el debido procedimiento de ley, y (2) que "el demandado ha contribuído a la medida de sus medios para el sostenimiento y alimentos de su hija . . . . ."

Celebrado el juicio correspondiente el Tribunal Superior dictó sentencia condenando al demandado a pagar a su hija en concepto de pensiones atrasadas, la suma de $2,800 más $200 para honorarios de abogado. Presentó entonces el demandado una moción de reconsideración y discutida la misma el tribunal dictó una nueva sentencia con los siguientes pronunciamientos: (1) condenó al demandado a pagar las pensiones atrasadas desde marzo de 1954 a septiembre de 1956, que hacen un total de $3,100 y dedujo de dicha cantidad la suma de $750 que el demandado había satisfecho a su hija en diversas fechas, quedando un balance deudor de $2,350; (2) redujo la cuantía de la pensión de $100 a $60 mensuales a partir de octubre de 1956, fecha en que se discutió la moción de reconsideración, y (3) impuso al demandado el pago de las costas y $300 para honorarios de abogado. Contra esta sentencia el demandado interpuso el presente recurso de apelación.

En su primer señalamiento de error alega que la sentencia de divorcio, en tanto en cuanto le condena a pasar alimentos a su hija, es nula por la razón de que ni en la demanda de divorcio ni en el emplazamiento que se sirvió personalmente, se le dió aviso sobre tal reclamación. Arguye

que como la sentencia de divorcio se dictó en rebeldía a él no se le dió oportunidad de ser oído en relación con los alimentos para su hija y que en su consecuencia dicha sentencia, en violación de la Regla 54(c) de las de Enjuiciamiento Civil,(¹) concedió más de lo solicitado en la demanda. Cita la regla general al efecto de que una sentencia en rebeldía debe estar justificada por las alegaciones y que de lo contrario dicha sentencia es nula.

Convenimos en que esa es la regla general. Sin embargo, la misma no es aplicable al presente caso. El art. 107 del Código Civil [31 L.P.R.A., sec. 383] dispone que "[A]l dictar sentencia de divorcio el juez proveerá lo que fuere pertinente con respecto a los alimentos de los hijos menores de edad." Este precepto impone al juez el deber de incluir en su sentencia de divorcio una disposición sobre los alimentos de los hijos menores de edad. Es imperativo e incidental al decreto de divorcio. La acción que se ejercita es la de divorcio y basta con que la demanda contenga las alegaciones pertinentes en esta clase de acciones. No es necesariamente imprescindible incluir en la demanda alegaciones sobre los alimentos de los hijos menores de edad ni una súplica de ese remedio. Todo demandado debe saber que por disposición de ley las sentencias que se dicten en casos de divorcio deben proveer para los alimentos de los hijos menores de edad. La regla no es distinta cuando el demandado, como en este caso, esté en rebeldía. Por lo tanto, la falta de alegaciones en la demanda de divorcio sobre los alimentos de los hijos menores

---

(¹) La Regla 54 de las de Enjuiciamiento Civil, dispone en su apartado (c):

"Regla 54. Sentencias.

"(a) .

"(b) .

"(c) *Solicitud de Sentencia.* Una sentencia en rebeldía no será de clase diferente ni excederá en cuantía a la que se pida en la solicitud de sentencia. Excepto en lo que se refiera a una parte contra la cual se haya dictado una sentencia en rebeldía, toda sentencia definitiva concederá el remedio a que tenga derecho la parte en cuyo favor se dicte, aun cuando ésta no haya solicitado tal remedio en sus alegaciones."

de edad y la ausencia de una solicitud del remedio consiguiente, no vician de nulidad una sentencia de divorcio concediendo tales alimentos, aunque se haya dictado en rebeldía contra un demandado que ha sido emplazado personalmente. *Stanton* v. *Stanton*, 298 Pac. 524; *Adams* v. *Adams*, 171 P.2d 556; *Donahoe* v. *Alcorn*, 108 P.2d 786; *Bower* v. *Bower*, 106 N.E. 969; 2 Nelson, *Divorce & Annulment*, sec. 14.87, pág. 98; Keezer, *Marriage & Divorce*, sec. 728, pág. 771; Anotación en 12 A.L.R. 2d 343. Véase además, *In re Jones*, 68 N.E.2d 97; *Mierowitz* v. *Mierowitz*, 71 N.E.2d 526; *Remus* v. *Remus*, 39 N.W.2d 211.

 Carece de importancia el hecho de que el abogado de la demandante en el acto del juicio de divorcio manifestara al tribunal que las partes estipularían sobre los alimentos de los hijos menores. Una estipulación a ese efecto debe ser sometida al tribunal para su aprobación y su incorporación en la sentencia de divorcio. En este caso no se hizo así, y el juez procedió correctamente al oír prueba para proveer lo que fuere pertinente con respecto a los alimentos de los hijos menores de edad. Una estipulación de las partes sobre los alimentos de los hijos menores, no obliga al tribunal. *Beaulac* v. *Beaulac*, 191 P.2d 478. Al demandado se le notificó la sentencia de divorcio y no solicitó su reconsideración ni apeló de ella. A los dos años, cuando se le reclama en un pleito independiente el pago de las pensiones alimenticias atrasadas, es que por primera vez alega que la sentencia de divorcio es nula. Es indudable que se trata de un ataque colateral de la sentencia de divorcio, y no erró el juez sentenciador al así resolverlo. Siendo válida la sentencia de divorcio en todos sus pronunciamientos, el demandado estaba impedido de atacarla colateralmente en la acción sobre cobro de pensiones. Véase *Cancel* v. *Martínez*, 74 D.P.R. 108 y *Rodríguez* v. *Albizu*, 76 D.P.R. 631. En su consecuencia, los dos primeros errores no fueron cometidos.

██ El tercero tampoco fué cometido y carece de méritos. La acción ejercitada aquí es una en cobro de pensiones atra-

sadas, o sea, en cobro de una deuda por tal concepto. El juez ordenó la reducción de la pensión a partir de la fecha en que resolvió la moción de reconsideración de la sentencia que le condenaba al pago de las pensiones atrasadas. La reducción de la pensión necesariamente no tenía que retrotraerse a la fecha en que el demandado alegó en su contestación que "ha contribuído a la medida de sus medios para el sostenimiento y alimentos de su hija . . . ." No es correcto afirmar, como lo hace el apelante, que como la reclamación de alimentos se retrotrae a la fecha en que se interponga la demanda, también la reducción de la cuantía de la pensión fijada debe retrotraerse a la fecha en que se solicita la reducción. No hay disposición legal alguna a este efecto. La habilidad o inhabilidad de un demandado para pasar una pensión alimenticia es una cuestión puramente de hecho. De ahí que, corresponde al juez fijar la fecha desde la cual ha de regir una reducción de la pensión alimenticia. En este caso el juez tuvo ante sí prueba suficiente para no fijar la reducción de la pensión retroactivamente.

Tampoco hemos encontrado que el Tribunal sentenciador haya cometido error en la apreciación de la prueba ni al imponer al demandado el pago de honorarios de abogado.

*Debe por tanto, confirmarse la sentencia apelada.*