Rodríguez García, Juez Ponente .
TEXTO COMPLETO DE LA SENTENCIA
El presente recurso de certiorari fue presentado en 1ro. de septiembre de '1995 -por ;la parte demandante-apelante, Henry Alvarez Colón. En octubre de 1995 la parte demandada-recurrida, Carmen Lydia Del Toro, presentó "Moción de Desestimación" alegando que el recurs©aro se le .había notificado conforme a derecho y que el recurso-correcto no era un certiorari sino una apelación.
Luego de ponderados los señalamientos de las partes este Tribunal declaró No Ha Lugar la Moción * de Desestimación y en consecuencia dicta la presente Sentencia modificando la resolución recurrida.
El peticionario alega que el tribunal de instancia incidió al no fijar la pensión alimenticia de acuerdo con los ingresos.que él devengaba para la fecha en que se determinó la reducción de pensión; y que además, erró al disponer la rebaja de pensión solo para un período provisional de cuatro (4) meses, sin revisar la pensión a pagarse luego de transcurrido este período lo que tiene el efecto de reestablecer la pensión original.
Veamos los hechos pertinentes.
I
El matrimonio entre Carmen Lydia Del Toro y Henry Alvarez Colón fue disuelto por divorcio en 26 de marzo de 1992. Durante el mismo procrearon dos hijos, Eva Marie y Henry Onar Alvarez Del Toro, de 9 y 8 años de edad, respectivamente.
Desde el 8 de agosto de 1991, al peticionario Alvarez Colón se le había impuesto el pago de una ¡ pensión alimenticia de seiscientos dólares ($600.00) mensuales, más una suma de mil dólares ! ($1,000.00) anuales para la educación de sus hijos a ser satisfecha en dos pagos semestrales. Al determinar la cuantía de la pensión adjudicádale al peticionario, el tribunal tomó en consideración su ingreso neto, luego de las deducciones de ley, provenientes de sus dos trabajos, que ascendía a un total : de mil setecientos trece dólares con treinta y tres centavos ($1,713.33).
Establece el peticionario que en agosto de 1994 se le redujo su horario y sueldo de trabajo como Director de Asistencia Económica en el Bayamón Technical & Commercial Institute, y que por tal razón el 10 de agosto de 1991 acudió al Tribunal de Primera Instancia, Sala Superior de Bayamón, a solicitar por derecho propio una rebaja de pensión alimenticia. En 1ro. de septiembre de 1994, la demandada-recurrida, acudió al Tribunal, también por derecho propio, con una "Moción de Desacato *1425 Urgente y Oposición a Rebaja de Pensión Alimenticia" 
En 19 de diciembre de 1994, por no haberse expresado el tribunal, el peticionario presentó, esta vez representado legalmente, una "Moción Urgente en Solicitud de Rebaja de Pensión Alimenticia y Solicitud Para que se Vea Conjuntamente con la Solicitud de Desacato de fecha 11 de enero de 1995, en la que menciona que a esa fecha había sido despedido de su empleo parcial y que el único ingreso que estaba percibiendo era la cantidad de quinientos treinta y dos dólares ($532.00) por concepto de desempleo. A raíz de esta nueva comparecencia, la demandada compareció nuevamente, también representada legalmente, con una "Moción en Oposición a Rebaja en Pensión Alimenticia y que se Vea Conjuntamente con la Solicitud de Desacato". 
Luego de celebradas las vistas evidenciarías los días 6 de abril de 1995 y 4 de mayo de 1995 el Tribunal de Primera Instancia, Sala Superior de Bayamón, emitió Resolución Enmendada en 12 de julio de 1995, donde adopta por referencia el informe de la Oficial Examinadora reduciendo la pensión alimenticia por un período provisional de cuatro meses. En lo pertinente dispuso:

...se modifica la pensión alimenticia de $600.00 a $450.00, mensuales, para beneficio de los menores, por el término de cuatro meses. La reducción provisional total de $600.00, deberá ser utilizada por el Sr. Henry Alvarez Coló para poder gestionar su licencia de Corredor De Bienes Raíces."

De esta determinación es que el peticionario, Alvarez Colón, recurre ante nosotros argumentando que el tribunal de instancia incidió al no fijar la pensión alimenticia de acuerdo con los ingresos que este devengaba para la fecha en que se determinó la reducción de pensión y que además erro al disponer la rebaja de pensión para solamente un período provisional de cuatro (4) meses sin establecer qué ocurriría después, ya que el efecto real es que vuelve a establecerse la pensión original.
II
Es principio establecido que los casos relacionados con alimentos de menores están revestidos del más alto interés público. Negrón Rivera v Bonilla, Ex parte, 120 D.P.R. 61, 71 (1987); Rodríguez Avilés v. Rodríguez Beruff, 117 D.P.R. 616 (1986); Otero Fernández v. Alguacil, 116 D.P.R. 733 (1985); Martínez v. Rivera Hernández, 116 D.P.R. 164 (1985); Guadalupe Viera v. Morell, 115 D.P.R. 4 (1983); Fernández v. Davison, 80 D.P.R. 253 (1958).
La obligación de ambos padres de proveer alimentos a sus hijos menores de edad, no emancipados, emana de las disposiciones de los Artículos 143 y 153 del Código Civil de Puerto Rico, 31 L.P.R.A. sees. 562 y 601 y del Artículo 4 de la Sec. Ill de la Ley Especial de Sustento de Menores ("L.E.S M."), Ley Núm. 5 de 30 de diciembre de 1986, 8 L.P.R.A. see. 503.
El deber de proveer alimentos ha sido incorporado en la "L.E.S.M." y en las "Guías para Determinar y Modificar Pensiones Alimenticias en Puerto Rico", ("Guías"), cuyo propósito principal deberá ser el lograr la uniformidad y el fortalecimiento de los sistemas de determinación, recaudación y distribución de las pensiones alimenticias en beneficio de los menores de edad.
El Tribunal Supremo de Puerto Rico en el caso de Guadalupe Viera v. Morell, 115 D.P.R. 4, 14 (1983), estableció que la determinación de la cuantía de los alimentos corresponde al prudente arbitrio de los tribunales, teniendo en cuenta el estado de necesidad del alimentista y la posibilidad económica del alimentante. Como consecuencia de este requisito de proporcionalidad, la cuantía de la pensión se aumenta o reduce a medida que aumenten o disminuyan ambos factores. 
El Artículo 19 de la "L.E.S.M.", 8 L.P.R.A. see. 518, establece que a partir del 13 de octubre de 1989, es mandatorio utilizar las Guías para la fijación o modificación del monto de las pensiones alimenticias. (Enfasis nuestro.) El mismo artículo establece además que la pensión alimenticia resultante del cómputo realizado por la aplicación de las "Guías" se presumirá justa, adecuada y en el mejor interés del menor, aunque dicha presunción es controvertible.
*1426 Dicho artículo dispone además, que a partir del 1ro. de octubre de 1993, toda orden de pensión alimentaria será revisada y modificada, de ser necesario transcurridos tres (3) años desde la fecha en que la orden fue establecida o modificada. Nos indica que aunque exista una ley o disposición en contrario, el requisito de cambio significativo o imprevisto en las circunstancias de alguna de las partes se cumple si la aplicación de las Guías 8, según dispone la ley, resulta en una cantidad diferente a la pensión corriente que actualmente esté ordenada a la parte.
III
Surge de los autos que la condición del peticionario, padre alimentante, ha variado considerablemente desde que en un-principio se fijó la pensión alimenticia a-proveer a sus hijos. Hemos visto también cómo éste acudió al tribunal en varias ocasiones a informar los cambios en sus ingresos.
La declaración de política pública de la Ley Especial de Sustento de Menores, supra, establece que la obligación de alimentar a los menores se fundamenta en el derecho a la vida. Así mismo dispone que los padres deberán contribuir a la manutención y bienestar de sus hijos en la medida en que sus recursos lo permitan.
En el caso ante nos encontramos que el peticionario en el momento en que se le redujo la pensión alimenticia no contaba con el ingreso económico suficiente para poder satisfacerla. Esto no implica que este Tribunal no considere la doctrina de la capacidad de generar ingresos de cualquiera de los obligados a alimentar.
Sin embargo, la médula de la determinación de la pensión alimenticia es la ecuación en equidad del balance entre las necesidades del alimentista y la capacidad económica del que esta obligado. La obligación es compartida tanto del padre como de la madre. Si el padre o la madre no están incapacitados, tienen la obligación de trabajar para satisfacer las necesidades de los alimentistas.
En este caso la Oficial Examinadora en su evaluación no tomó en consideración como único ingreso disponible los quinientos treinta y dos dólares ($532.00) de desempleo que recibía el peticionario, sino que estableció que no procedía la rebaja de pensión alimenticia, ya que el peticionario tenía la capacidad de generar ingresos, conforme los cuales se estableció la pensión alimenticia en el año 1991.
Entendemos que no podemos dejar desprovistos a unos menores de la pensión alimenticia a que tienen derecho por el simple hecho de que su padre no consigue trabajo, ya que el mismo tiene la capacidad de generar ingresos. Sin embargo, luego de incidentes procesales de mociones solicitando desacato por incumplimiento con la obligación de alimentar en contra del peticionario, entendemos que en ese momento lo idoneo hubiera sido una reducción de pensión para permitir un ajuste entre sus propias necesidades y las de los alimentistas a base de su ingreso al momento de celebrar la vista y una citación con fecha cierta de una vista para determinar si sus ingresos habían cambiado.
Surge del recurso, que el peticionario, radicó en 21 de julio de 1995 una "Moción Informativa", indicando que desde el día 1ro. de junio de 1995 había comenzado a trabajar para el Fondo del Seguro del Estado en la Región de Coroza! y que aunque al momento de su nombramiento éste había sido por el período de un mes, todavía a esa fecha continuaba trabajando en el mismo lugar. Informó además, que su ingreso bruto ascendia a la cantidad de mil ochenta y siete dolares ($1,087.000) mensuales y que luego de las deducciones en ley, el ingreso neto correspondía a novecientos cincuenta y ocho dolares ($958.00).
Por todo lo anterior se expide el auto, se modifica la Resolución Enmendada dictada por el Tribunal de Primera Instancia, Sala Superior de Bayamón, el 12 de julio de 1995, a los efectos de mantener la pensión provisional de cuatro cientos cincuenta dólares ($450.00) hasta que el mismo tribunal de instancia disponga otra cosa, luego de celebrar una vista evidenciaría de conformidad con la Ley Especial de Sustento de Menores, supra,, en que se actualice la pensión de conformidad con los ingresos reales de las partes y las necesidades de los menores hijos, evitando la consideración de condiciones especulativas al fijar dicha pensión.
*1427 Notifíquese de inmediato a las partes, al Tribunal de Primera Instancia, Sala Superior de Bayamón y a la Oficial Examinadora que intervino en el presente caso.
Lo acordo y manda el Tribunal y lo certifica la Secretaria General.
María la C. González Cruz
Secretaria General
ESCOLIOS 96 DTA 30
1. Véase página 1 del Apéndice de la Petición de Certiorari.
2. Véase página 2 del Apéndice de la Petición de Certiorari.
3. Según surge de la propia moción la aludida fecha de 11 de enero de 1995, corresponde al señalamiento de vista por parte del tribunal a los efectos de discutir la moción presentada por la demandada por derecho propio en 1ro, de septiembre de 1994.
4. Véase pagina 6 del Apéndice de la Petición de Certiorari.
5. Guías preparadas por el Departamento de Servicios Sociales y aprobadas por el Secretario de Estado de conformidad con la facultad que le proveyera a esos efectos la Ley Núm. 171 del 20 de junio de 1968, Ley Orgánica del Departamento de Servicios Sociales y la Ley Núm. 5 del 30 de diciembre de 1986, según enmendada, conocida como la "Ley Especial de Sustento de Menores".
6. Estos principios también los encontramos en el Artículo 146 del Codigo Civil, 31 L.P.R.A. see. 565, y en la Ley Especial de Sustento de Menores, supra, Sec. IE, Artículos 3 y 4.