## STURGIS v STURGIS

Ohio Appeals, 3rd Dist, Crawford Co

No 1326. Decided Oct 9, 1933

Roy Warren Roof, Kenton, for plaintiff in error.

J. D. Sears, Bucyrus, for defendant in error.

## OPINION

By GUERNSEY, J.

The petition in error raises the question as to whether the judgment of the lower court is contrary to law.

The adjudication and sentence of contempt is based on the following provisions of the General Code, to-wit:

"Sec 12137 GC. A person guilty of any of the following acts may be punished as for contempt: 1. Disobedience of, or resistance to, a lawful writ, process, **order**, rule, judgment or command of a court or officer.* * *."

"Sec 12143 GC. When the contempt consists in the omission to do an act which the accused yet can perform, he may be imprisoned until he performs it."

In subdivision 5 of the syllabus of **In Re Frisbie, 27 Oh Ap, 290, (6 Abs 420),** it is stated, that:

"Under §12143, GC, which provides that, when contempt consists in the omission to do an act which the accused can yet perform he may be imprisoned until he performs it, failure to pay alimony must be willful in order to authorize imprisonment therefor."

In **Pancost v State ex Pancost, 15 O.C.C., 246, 8 O.C.D. 546,** it was held:

"Imprisonment for failure to pay alimony is not authorized when it appears that the defendant is unable to pay."

And in **Cook v Cook, 66 Oh St 556,** it is held:

"Punishment as for contempt may follow a willful failure to comply with it."

As contempt, to be punishable by imprisonment, must be willful, it is necessary to determine whether in the case at bar, the failure of the defendant to pay the full sum of $25 per week in compliance with said order, constitutes willful contempt.

One of the chief purposes of an order for support and maintenance of the character on which this proceeding is based, is to insure the **continued** support and maintenance of the beneficiaries of the order during the existence of the order, and the payment of one installment is no more mandatory than the payment of any other installment.

As shown by the evidence in the instant case, the continued existence of the business of plaintiff is essential to provide the means to continue the payments under said order, and the withdrawal of more funds from his assets and such business, than the plaintiff in error is now withdrawing for his necessary living expenses and the making of the payments of $15 per week to apply on said order, would in all probability result in him being forced out of business and being placed in a position where it would be impossible for him to make any payments under said order.

It has been held in a number of cases that it is willful contempt for a defendant against whom an order for the payment of alimony is made, to intentionally dispose of his property to place himself in position so that he cannot comply with the provisions of the order. These cases show that it is the policy of the law to preserve the property of a defendant in order to maintain his ability to comply with the order of

the court. Keeping this policy in mind, it is apparent that it is not willful contempt on the part of the defendant to pay less than the amount of the several present installments where the amount paid is sufficient to substantially comply with the purposes of the order, and the payment of the full amount would probably result in inability to pay future installments under the order, or, in other words, it is not willful contempt "not to kill the goose that lays the golden egg."

Holding these views, the judgment of the court below will be reversed as being contrary to law.

KLINGER, J, concurs.

### DISSENTING OPINION

By CROW, PJ.

Being of opinion that opportunity should be afforded defendant in error to consent to modification of the judgment so that it shall stand in the event plaintiff in error fail to pay defendant in error fifteen dollars per week instead of twenty five dollars per week at the time and place fixed in the order allowing the alimony, until the further order of this court on application of either party herein; and that the automobile be sold by counsel for the parties, and the proceeds applied to unpaid 25 dollar installments and the excess if any, paid at the rate of ten dollars a month; and as thus modified the judgment to be affirmed at costs of plaintiff in error; otherwise that the judgment be reversed at costs of defendant in error on the ground that it is against the weight of the evidence, and the cause remanded for execution, a new trial and further proceedings according to law.