### WYSOCKI, Plaintiff-Appellee, v. WYSOCKI, Defendant-Appellee and Cross-Petitioner, GAUGHAN, Defendant-Appellant.

Ohio Appeals, Eighth District, Cuyahoga County.

No. 21668.    Decided December 17, 1951.

Wm. McCarthy, for plaintiff-appellee.

Michael Picciano, Hartshorn, Thomas, Abele, Mitchell, Edelman & Leuck, Cleveland, for defendant-appellant.

(HUNSICKER, PJ, DOYLE, J, of 9th District; NICHOLS, J, of 7th District sitting by designation in 8th District.)

## OPINION

By HUNSICKER, PJ.

In this appeal on questions of law from a judgment of the Common Pleas Court of Cuyahoga County, Ohio, the facts as disclosed by the original pleadings, motions, affidavits, journal entries and bill of exceptions are:

On June 30, 1948, Barbara Wysocki secured a judgment of divorce from Raymond Wysocki. Barbara Gaughan was named a defendant in the divorce action and such judgment in the divorce action determined that Barbara Gaughan was

a trustee for the benefit of Raymond Wysocki of a sum of money in the amount of $9,000.00. The judgment of divorce also found Barbara Gaughan to be in possession of such $9,000.00 and determined that Barbara Gaughan "be and she is hereby ordered to forthwith deliver such funds in the sum of $9,000.00 to the Clerk of this Court * * *."

Thereafter, there appears on the transcript of docket and journal entries a notation dated August 24, 1948,—"Motion by defendant to show cause filed." The original motion and affidavit on this charge of contempt against Barbara Gaughan are found in the papers before this Court. On September 29, 1948, there is a notation showing personal service of a writ dated August 24, 1948, on the defendant, Barbara Gaughan.

We do not find any disposition of this "motion by defendant to show cause * * *." However there is a notation on the transcript of docket and journal entries dated January 4, 1949, which says,—"Contempt charges returned unserved at the request of Domestic Relations." We do not know if there is any relationship between the contempt proceedings instituted on August 24, 1948, and this notation of January 4, 1949.

There are other notations on the transcript of docket and journal entries and original papers connected with this matter which have no bearing on the issue before this Court.

We do find a copy, but not the original papers, of a "Motion to Show Cause," Notice to Barbara Gaughan, and an affidavit. This affidavit alleges the failure of Barbara Gaughan to comply with the order to deposit the sum of $9,000.00 entered in the judgment of divorce dated June 30th, 1948. We assume, but cannot be certain, that the originals of these copies of motion, notice and affidavit charging a contempt of court by Barbara Gaughan were properly filed and a proper notice served.

There is a notation on the transcript of docket and journal entries under date of Oct. 4, 1949, with the following statement—

"Motion by J. Barbara Mueller to dismiss motion to show cause, etc., filed."

We know from an examination of the papers that Barbara Gaughan is also sometimes referred to by other names, among them being J. Barbara Mueller.

J. Barbara Mueller (Barbara Gaughan) by her motion sought to have the court "dismiss the Motion to Show Cause filed against her on the ground that this court (Common Pleas Court) has no jurisdiction of the matter for the following reasons:"

"1. Raymond Wysocki and Barbara Wysocki are living together as man and wife, and (2) J. Barbara Mueller (the Barbara Gaughan herein) has filed a voluntary petition in bankruptcy in the United States District Court."

On October 6, 1949, the trial court, after a hearing on the "motion show cause" and the "motion to dismiss motion to show cause for lack of jurisdiction" rendered the following judgment:

"Motion to dismiss is overruled. ·Respondent defendant Barbara Mueller found guilty of contempt of court for failure when able, to comply with the order of the Court. The defendant is ordered committed to the county jail until she complies, be purged, or be otherwise dismissed, according to law."

On the same day, October 6, 1949, a notice of appeal to the Court of Appeals of Cuyahoga County, Ohio, was filed from such judgment of the trial court entered on October 6, 1949.

The appeal on questions of law from the judgment so entered on Oct. 6, 1949, came on to be heard and this Court (Eighth District Court of Appeals) on Feb. 27, 1950, rendered the following judgment:

"Cause remanded for a clarification of the order as to whether or not on the day the order was made, to-wit, October 6, 1949, the court found that Barbara Mueller was then able to comply with the order of which she was adjudged to be guilty of contempt, or whether the finding of guilty was because she failed to comply at a previous date when able to perform the order, for the reason that if the court found that she is now able to and refuses to comply with the order, then procedure under §12143 GC, would be applicable, otherwise procedure should be followed under §12142 GC, the appeal to be held until the order is clarified. Exceptions."

Thereafter, on March 12, 1951, the trial court entered the following order:

"Motion to dismiss overruled. Respondent defendant, Barbara Mueller, found guilty of contempt for failure to comply with prior order of court when able so to do and the Court finds she is now and for some time past has been able to comply and refused so to do. She is ordered committed to County Jail until she complies with such order, be purged or otherwise discharged by this Court or until sentence is suspended, or until she is otherwise released according to law."

We now have before this Court an appeal on questions of law from the judgment of October 6, 1949, as clarified in the judgment of March 12, 1951.

It may seem to the parties that we have set out more fully

than is necessary many of the preliminary details which occurred prior to the judgment of October 6, 1949, yet, although we are favored with able oral argument in this matter, extensive and competent briefs and a bill of exceptions containing all of the evidence presented in the trial court, we believe that a partial recitation of the facts is necessary to understand the background of this cause which has been in the courts for several years.

A careful reading of the testimony adduced in the trial court shows that after counsel for Barbara Gaughan stated to the trial court that "She had not paid anything into court * * *" * * * "that she is totally unable to comply with this order" and that "she filed her petition in bankruptcy * * *" "* * * has filed her schedules in bankruptcy and listed all of her property." Counsel for Barbara Wysocki (the person urging the contempt matter) stated to the court—"With that stipulation, your Honor, that the new party defendant has not complied with the order of the Court, we rest."

Barbara Mueller (Gaughan) then testified in her own behalf saying that she had filed her petition in bankruptcy and listed all of her assets in her schedules filed in those proceedings, which assets were delivered to the trustee in bankruptcy. The bill of exceptions shows that the following questions, among many others, were asked of Barbara Gaughan:

Q. "On the date that Judge Connell rendered his order, which we think was June 30, 1948, but whatever that date was, did you at that time have in your possession $9,000.00 in cash, securities, or any other forms?

Mr. Picciano: "Objection.

The Court: "She may answer.

A. "No sir.

Q. "Did you have any part of that amount of money?

A. "No, sir.

Q. "On hand at that time?

A. "No, sir."

Barbara Gaughan further testified that she had no money, securities or any other assets now or at any other time since June 30, 1948 (the day when the judgment in the divorce action was filed) except the assets in the hands of the trustee in bankruptcy and her wages which are paid to her each week by her employer.

It is upon this state of the record that the judgment under review herein was entered.

Sec. 12137 GC says in part:

"A person guilty of any of the following acts may be punished as for a contempt: 1. Disobedience of, or resistance to, a

lawful writ, process, order, rule, judgment, or command of a court or an officer * * *."

Sec. 12138 GC says in part:

"In cases under the next preceding section, a charge in writing shall be filed with the Clerk, an entry thereof made upon the journal, and an opportunity given to the accused to be heard by himself or counsel * * *."

Sec. 12143 GC says:

"When the contempt consists in the omission to do an act which the accused **yet can perform** he may be imprisoned until he performs it." (Emphasis ours.)

We do not undertake to say that Barbara Gaughan was not able to comply with the order of June 30, 1948, at the time such order was entered, or that an ability to comply did exist at the time when she was first charged with contempt on August 24, 1948. We do know, however, from the state of the record before us that at the time when the trial was had upon which the judgment herein being reviewed was entered, that all of the testimony showed beyond any doubt that Barbara Gaughan was unable to comply with the order of the court to pay $9,000.00 to the Clerk of Courts.

There was no act (the ability to pay) which she "yet can perform" shown to exist. This Court (Eighth District) in the case of Maglich v. Maglich, 61 N. E. (2d) 507, had before it a case in many respects similar to the instant case wherein this Court then said at page 508:

"The impossibility of performance by the defendant of the order would be a defense unless it could be shown that such impossibility was due to fraud or sharp practice."

We therefore determine that, since there has been established by uncontroverted evidence that Barbara Gaughan was totally unable on Oct. 6, 1949, to perform the act which she was ordered to do on June 30, 1948, that the trial court had the duty to dismiss the charge of contempt.

The failure of the trial court to dismiss the charge of contempt was error prejudicial to the substantial rights of the appellant. We therefore reverse the judgment of the trial court and render final judgment for the appellant, Barbara Gaughan.

We have examined all other claimed errors and find none prejudicial to the appellant.

Judgment reversed and the charge of contempt is dismissed.

DOYLE, J. NICHOLS, J, concur.