ALLEN, APPELLEE, *v.*
ALLEN, APPELLANT.

(No. 87-C-23—Decided
July 19, 1988.)

*Robert Herron,* prosecuting attorney, for appellee.
*Melody Calhoun,* assistant public defender, for appellant.

DONOFRIO, J. This is an appeal from the Court of Common Pleas of Columbiana County, Ohio, from a finding in contempt for failure to pay child support.

Plaintiff-appellee, Joyce E. Allen, agrees with the statement of fact as set forth by defendant-appellant, Charles M. Allen. These facts are, briefly, as follows.

Appellee and appellant were divorced on April 12, 1985. Three of the four minor children of the marriage resided with appellee, who supported the children through public assistance. The oldest daughter, Carrie, has lived with appellant for approximately one year.

Both appellant and appellee and Carrie testified that they wished custody of Carrie to be with appellant and that they considered such to be in the best interest of the child.

Carrie had medical problems requiring special care and extra expenses and received SSI for her disabilities which resulted from serious birth defects.

Appellant testified that he had incurred a back injury in 1978, that he was in physical therapy for two years, and that his doctor advised him that he could only do light work. Appellant testified further that he had filed for Social Security but was turned down twice, that additional surgery on his neck may be required and that his doctor advised him his back would either "stay like it is or get worse."

Appellant's sole personal income through this hearing was general relief.

On June 7, 1987, five days before the hearing on this case, appellant obtained part-time security guard employment at $3.40 per hour.

Dolores Kastner, clerk in the bureau of support, testified that appellant was under an order of $80.80 per week child support for the four minor children, and that his total arrearages for support and temporary

alimony as of June 12, 1987 were $12,574.50. No payments had been made.

The court granted custody of Carrie to appellant, leaving appellee with the remaining three children, giving appellant credit for the past year of support for Carrie of $20 per week, continuing $60 per week support for the three other children, plus an additional $10 per week on arrearages.

The court found appellant in contempt and sentenced him to thirty days in the county jail, with the sentence suspended and appellant placed on probation, and ordered him to pay the costs. The court also remarked that although it understood and appreciated appellant's physical disabilities, it felt that somewhere along the line appellant had not been diligent enough in seeking help from the Social Security Administration or some other type of disability benefits, and that appellant had not been diligent in securing employment.

Appellant assigns four errors, the first of which states:

"Under the evidence, the judge abused his discretion in finding the defendant-appellant guilty of contempt."

Under this assignment of error, appellant argues that he should not have been found guilty of contempt for failure to make child support and temporary alimony payments previously ordered by the court. Appellant argues that his sole income was from general relief, and that he had physical disabilities which hindered him from finding employment.

In its finding, the trial court stated:

"THE COURT: Mr. Allen, I understand and appreciate your—your physical disabilities; however, I agree with Mr. Payne. I think somewhere along the line you have not been diligent enough in seeking some kind of help from the Social Security Administration or some other kind of disability, and I don't think you have been diligent at all in getting a job.

"It's obvious from this testimony today that you finally get [sic] a job only after this sentence was hanging over your head.

"You are in contempt of this Court; however, and I agree with the—the Referee's sentence of 30 days. I will, however, modify the sentence and do away with the fine of $250. I am going to put you on probation. In other words, you are not going to jail today. And that probation is going to be conditioned on you keeping some kind of job and making some payment on this—this money, even a few dollars a week if that's all you can afford at this point in time, but you have got to be making some kind of payment.

"Second of all, you will at least seek the—the council [sic] of another lawyer concerning your Social Security claim. I don't believe—I don't believe you when you said that a lawyer said you couldn't—there's no use filing an appeal. If he has told you you couldn't appeal it, not for the reasons that you've stated here this morning. I don't believe that. There are other lawyers. There are lawyers in East Liverpool.

"Don't look at me like that or you'll go to jail for 30 days, sir.

"There are other lawyers in East Liverpool and other lawyers in East Palestine who do Social Security work. At least you are going to consult with one of those in the next 30 days concerning your Social Security claim. Now, if they advise you it's too late, fine, but you are at least going to go to another lawyer.

"You are going to pay the costs of this action and—and as long—you are—you know, as long as you are getting a paycheck, some of that money has got to come to this Bureau of Sup-

port. If I find out you're not getting—you're getting a paycheck and not sending some money to the Bureau of Support, you're going to do 30 days. The next time around it's going to be 60. Then it's going to be 90 days. And at some point in time I am going to refer this to the Prosecutor for—for felony prosecution. Do you understand me?

"DEFENDANT: Yes.

"THE COURT: I'll set this matter for review in six months in front of the Referee."

In support of his assignment of error, appellant cites two cases where the uncontroverted evidence shows that where a defendant is unable to comply with an order, it is error to find him or her in contempt. *Pancost* v. *State, ex rel. Pancost* (1897), 15 Ohio C.C. 246, and *Wysocki* v. *Wysocki* (App. 1951), 65 Ohio Law Abs. 156, 113 N.E. 2d 686.

These two cases involved a fact situation where the inability to comply was through no fault of the contemnor. The burden of proof is on the appellant to prove his inability to pay. *State, ex rel. Cook,* v. *Cook* (1902), 66 Ohio St. 566, 64 N.E. 567, paragraph one of the syllabus; *Pugh* v. *Pugh* (1984), 15 Ohio St. 3d 136, at 140, 15 OBR 285, at 287-288, 472 N.E. 2d 1085, at 1088.

Having set forth the authorities with the applicable standards involved, we scrutinize the trial court's judgment in light of the facts of the instant case. Admittedly, appellant had some medical problems. He received welfare assistance. However, the trial judge found that appellant did not put forth enough effort to be able to find some type of work that would allow him to make child support payments. Can a person be totally excused from paying child support without any showing of good faith in making some type of payment? Public policy dictates that a parent has a duty to take care of his or her children. The law mandates this support. It is inconceivable to this court that appellant could not have made some good faith effort in some type of a payment, however small, during the years that he was under court order to pay. It is this total failure that motivated the trial court's decision. The appellant may have been excused from making the total payments that were ordered, and perhaps even half of those payments, but a father such as appellant should have made a greater effort at obtaining employment, however unsatisfactory it may have been to him, and some good faith effort in making partial payments towards the support as ordered. The trial court found a lack of effort in both instances. In the final analysis, appellant's position is that "I didn't have a job—I could not make payments." The trial court's determination that he did not put forth the effort of finding a job until the time of his contempt hearing is supported by the record. Parents in appellant's position cannot be flat out excused from any support of their children and they must know that the obligation is there and the effort to find employment must be commensurate with their obligation to pay support.

We do not find that the trial court abused its discretion and, therefore, overrule appellant's first assignment of error.

Appellant's second and third assignments of error are interrelated and we will address them together. They are as follows:

"Based on the evidence at the hearing, the judge abused his discretion in ordering the defendant to pay support for three of the minor children of the marriage."

"Based on the evidence presented at the hearing, the judge abused his discretion in ordering the defendant to pay a total of $70.00 per week child support ($60.00 per week current and $10.00 per week on arrears)."

Appellant argues that at a mini-

mum, he should have his child support set by the standards set forth by the new Child Support Guidelines adopted by the Supreme Court of Ohio. Appellant makes this argument while admitting at the same time that the guidelines were not in effect at the time of his hearing.

The trial court ruled properly under the law at the time of the appellant's hearing. If the appellant feels that the child support is unfair, he should file the proper motion to have the support modified. Based on the above, the trial court judge did not abuse his discretion in ordering appellant to pay child support of three minor children of the marriage.

We overrule appellant's second and third assignments of error.

Appellant's fourth assignment of error states:

"Based on the evidence in this particular case, finding the defendant in contempt and sentencing him to jail was unconstitutional under Ohio Constitution Article I, Section 15."

Appellant agrees with the proposition that a final decree for alimony is not a debt within the scope of the constitutional prohibition. *Cook, supra.* The same has been held true for child support in *Slawski* v. *Slawski* (1934), 49 Ohio App. 100, 1 O.O. 201, 195 N.E. 258. However, appellant construes these cases to mean that alimony and property settlements are a division of the marital assets, therefore, within the spouse's ability to perform.

Appellant stands on his argument that he is being punished with the threat of a jail sentence, albeit suspended, for failing to pay a monetary sum which was beyond his power to pay. In our previous discussion, we have already found, and we agree with the trial court's finding, that appellant made absolutely no effort to show a consideration for his obligation to support his children. Therefore, appellant's failure to com-

ply with the order of child support can be punished by a jail sentence. Appellant has had an opportunity since 1981 to comply with the child support order but has not. At least some effort could have been made to comply with the order, but absolutely none was. Partial payments were not even made. Appellant claims that he has not neglected his children in the emotional sense. However, this emotion does not monetarily take care of his children.

We, therefore, overrule appellant's fourth assignment of error and accordingly affirm the judgment of the trial court.

*Judgment affirmed.*

O'NEILL, J., concurs.

Cox, P.J., dissents in part and concurs in part.

Cox, P.J., dissenting in part and concurring in part. I respectfully dissent as to the first assignment of error. I concur with the remaining assignments of error.