OPINION
Appellee Charles Smith and appellant Suzanne Smith were married in 1972. One child, Tara, was born as issue of the marriage. On February 27, 1985, the parties filed a Petition for Dissolution of Marriage. On April 9, 1985, the marriage was terminated by Decree of Dissolution, incorporating the parties' Separation Agreement into the Judgment Entry. The Separation Agreement provided that each party pay one-half of all additional post-high school educational expenses for Tara, as they became due and payable. These expenses would include tuition, fees, books, supplies, room, board, and transportation.
On November 28, 1995, after repeated unsuccessful attempts by appellee to collect appellant's contribution to the continuing college expenses for Tara, appellee filed a motion seeking to hold appellant in contempt of court for failure to pay such expenses. On March 27, 1996, appellant was found in contempt of the order of the court, for failing to pay her half of Tara's college expenses, in the amount of $3,544.
On May 16 1996, appellee filed another motion seeking to hold appellant in contempt of court for failure to pay such expenses. On August 7, 1996, appellant filed a Motion for Relief from Judgment pursuant to Civ.R. 60(B)(5). Appellant claimed that she lacked income necessary to contribute to Tara's college expenses, and was, therefore, unable to pay.
The court found appellant in contempt of court for failing to pay her share of college expenses. The court overruled the Motion for Relief from Judgment. Appellant assigns a single error:
ASSIGNMENT OF ERROR:
 THE TRIAL COURT ABUSED ITS DISCRETION IN FINDING APPELLANT, SUZANNE L. SMITH, IN CONTEMPT OF A PRIOR ORDER OF THE COURT AND IN DENYING SAID APPELLANT'S MOTION FROM RELIEF OR MODIFICATION OF THE JUDGMENTS.
Appellant's argument as to the judgment finding her in contempt and the judgment overruling her Motion for Relief from Judgment is essentially the same. Appellant argues that due to her income level, she is unable to pay her share of Tara's college expenses and, therefore, the prior judgment of the court has become inequitable.
The divorce decree itself imports a finding of the court that appellant is able to pay, and the burden is on her to establish any claim of inability. Allen vs. Allen (1988),59 Ohio App.3d 54. A prima facie case of contempt is made by showing the entry of the order, and the default in payment. Cramer vs. Petrie (1994),70 Ohio St.3d 131.
In order to prevail in a Motion for Relief from Judgment, the moving party must demonstrate that she has a meritorious defense or claim to present if relief is granted, that she is entitled to relief under one of the grounds stated in Civ.R. 60(B)(1)-(5), and the motion has been made within a reasonable time. GTE AutomaticElectric, Inc. vs. ARC Industries, Inc. (1976), 47 Ohio St.2d 146.
The court did not abuse its discretion in finding that appellant was in contempt of the order of the court, and in denying her relief from judgment. Based on the evidence presented at the hearing, the court concluded that appellant was not unable to pay, but merely failed to make a suitable financial plan for herself to prioritize funds for Tara's college expenses. Tara was attending a State university with a low tuition cost. Although Tara was in her second year of college, appellant had made no attempt to make any financial contribution to her education, even though the prior contempt order of the court gave her the opportunity to purge such contempt by paying appellee $300 per month for expenses previously incurred. The evidence supported the conclusion of the court that appellant took an attitude of procrastination toward her legal obligation, and was surprised that college expenses had increased since the time of the dissolution in 1985. Appellant testified that she thought that she would remarry after the dissolution, and appeared to believe that Tara's step-father would pay her obligation for Tara's college expenses. In addition, appellant adopted the attitude that because appellee managed his finances better, and had a better ability to pay, she should no longer be obligated to contribute. In addition, although appellant now claims she is living near poverty, the evidence demonstrated that she had a home, food, vehicles, clothing, and vacations. The record further demonstrated that appellant had money available to participate in gambling activities.
The Assignment of Error is overruled.
The judgment of the Coshocton County Common Pleas Court is affirmed.
By: Reader, J., Farmer, P. J. and Wise, J. concur.
For the reasons stated in the Memorandum-Opinion on file, the judgment of the Coshocton County Common Pleas Court is affirmed. Costs to appellant.