JOURNAL ENTRY and OPINION
Appellant Robert Corna appeals the trial court's redetermination of his annual income and modification of his child and spousal support obligations. He assigns the following errors for our review.
 I. THE TRIAL COURT ABUSED ITS DISCRETION BY IMPUTING INCOME TO MR. CORNA IN THE AMOUNT OF $50,000 PER YEAR.
 II. THE TRIAL COURT FAILED TO PROPERLY MODIFY MR. CORNA'S OBLIGATION TO PAY SPOUSAL SUPPORT.
 III. THE TRIAL COURT ERRED IN FINDING MR. CORNA IN CONTEMPT.
 IV. THE TRIAL COURT FAILED TO SET FORTH PROPER FINDINGS OF FACT AND CONCLUSIONS OF LAW.
Having reviewed the record and the legal arguments of the parties, we affirm the judgment of the trial court. The apposite facts follow.
Appellant twice moved the trial court to modify his original monthly obligations of $1,331.44 in child support and $2,295 in spousal support. At the time of these orders, appellant earned $156,137 annual income. The trial court dismissed appellant's first motion for improper service and held appellant in contempt for arrearages in the amount of $276,218.25. Upon appellant's second motion, the trial court determined appellant's annual income was $50,000 and reduced appellant's child and spousal support obligations to $536.09 per month and $550 per month, respectively. The trial court again held appellant in contempt for arrearages in the amount of $315,375.45. This appeal stems from appellant's second motion to modify.
Appellant was a successful architect until he was stripped of his license. He has since found and created employment for himself as a real estate development designer. He has consistently been employed through various commercial entities, including Carnegie Development and Stonebridge Management and Development from which he was authorized to draw approximately $5,000 per month salary. On other projects, appellant has rejected monetary compensation in favor of ownership interest. Appellant is deeply in debt to the Internal Revenue Service and a civil judgment creditor.[1] By avoiding salary, appellant seeks to prevent his income from being taken away by his creditors. On his 1997 income tax returns, appellant reported $24,790 gross income. Appellant earned approximately $18,000 during the first half of 1998; and anticipated additional 1998 income through ongoing and potential projects.
Because appellant's fourth assignment of error bears upon the remaining three assignments, we begin with whether the trial court failed to set forth proper findings of fact and conclusions of law. In a non-jury trial, the trial court is only required to create separate findings of fact and conclusions of law upon a request from an involved party. Civ.R. 52. Although either party may make the request, generally, the appealing party finds it most prudent to do so. Here, neither party made the request. Therefore, the trial court is without fault in this regard. Accordingly, we overrule appellant's fourth assignment of error.
To determine whether the trial court correctly determined appellant's child and spousal support obligations, we must look at the separate standards involved for child support and spousal support obligations. Here, the appellant sought modification, claiming support obligations should be allocated on no more than $25,000 imputed income. The trial court disagreed.
A motion to modify child support requires the trial court to determine the obligor's income in accordance with R.C. 3113.215. A motion to modify spousal support merely requires the court to determine that circumstances exist that merit a change in obligation. While the trial court is bound by different standards in determining child and spousal support, our appellant review is not. For each, our standard of review is abuse of discretion. See, Rock v. Cabral (1993), 67 Ohio St.3d 108, 616 N.E.2d 218, citing Booth v. Booth (1989), 44 Ohio St.3d 142, 541 N.E.2d 1028, Kucmanic v. Kucmanic (1997), 119 Ohio App.3d 609, 695 N.E.2d 1205, citing Booth, supra. We will not disturb the trial court's ruling unless we conclude the result was so palpably and grossly violative of fact or logic that it evidences not the exercise of will but the perversity of will, not the exercise of judgment but the defiance of judgment, not the exercise of reason but instead passion or bias. Nakoff v. Fairview General Hospital (1996), 75 Ohio St.3d 254, 256, 662 N.E.2d 1, 3. In light of this standard we will now address whether the trial court correctly determined appellant's child support and spousal support obligation by imputing his income at $50,000.
The trial court found appellant underemployed. Where the obligor is underemployed, gross income is only part of the story. In child support cases, the missing chapter is potential income; in other words, what the obligor would earn if fully employed. R.C. 3113.215(A). This total income is determined from the obligor's employment potential and probable earnings. R.C.3113.215 (A)(5)(a). For purposes of child support obligation involving imputed income, the relevant factors are work history, occupational qualifications, and prevailing job opportunities and salary levels in the local community. R.C. 3113.215 (A)(5)(a).
The trial court heard sufficient evidence regarding appellant's work history. Appellant lost his architect license; however, he has been successful in finding work as a consultant and a designer. Recently, appellant worked on several projects through various entities, including Carnegie Development and Stonebridge Management and Development. On balance, the record reflects that appellant has a history of finding and creating gainful employment for himself as a consultant and a designer.
The trial court heard sufficient evidence regarding appellant's occupational qualifications. Testimony indicates that appellant is a tremendously talented designer and a diligent worker committed to making his projects succeed. Appellant's former wife and a former business partner each gave convincing testimony as to appellant's talents as a designer. As appellant points out, they also gave testimony that he lacks computer and organizational skills helpful to an architect. Regardless, these deficiencies have no bearing upon appellant's substantial qualifications as a consultant or a designer.
Additionally, the trial court heard sufficient evidence regarding job opportunities and salary levels in the local community. Appellant is not continually employed by a single employer and is only occasionally salaried. He is akin to a free-agent, selling his services to whoever will have him; or an entrepreneur, creating projects from ideas. Due to the unpredictable and somewhat unique circumstances of appellant's employment, it is difficult to obtain evidence of available opportunities and comparative salary levels.
The trial court considered testimony regarding appellant's income from his projects, the potential worth of those projects, and the effect of appellant's choice to avoid monetary compensation. Although the testimony regarding salary levels in the local community was not as exhaustive as we would prefer, we believe the trial court had, in totality, enough evidence to conclude that appellant had adequate job opportunities, and to determine the salary levels considering his kind of employment. Appellant admitted he received ownership interest in lieu of salary. Consequently, we conclude on these facts the trial court could find a reasonable potential salary for appellant.
Accordingly, we conclude the trial court correctly found appellant underemployed and imputed his income at $50,000 for purposes of child support.
In considering motions to modify spousal support obligations, the trial court determines whether circumstances have so changed to warrant a change in obligation; and, if so, to what amount. Kucmanic v. Kucmanic (1997), 119 Ohio App.3d 609, 613, 695 N.E.2d 1205, 1207, citing Bingham v. Bingham (1991), 9 Ohio App.3d 191, 459 N.E.2d 231. Here, appellant's motion to modify solely focused on his purported reduction in income. Appellant urges he only earns approximately $25,000 per year. True, his 1997 income tax return reflects a similar amount of reported gross income. However, appellant earned $18,000 during the first half of 1998, expected the second half of 1998 to bring more earnings, and refused additional compensation in lieu of ownership interests. Appellant is a talented designer employed on various gainful projects, and he has the ability and opportunities to find further employment in his chosen field. We find nothing in the record indicating that the trial court abused its discretion in redetermining appellant's spousal support obligation. Accordingly we overrule appellant's first and second assignments of error.
Finally, we consider whether the trial court properly held appellant in contempt. Contempt is a measure employed to ensure the dignity of the courts and the smooth administration of justice. Devovchek v. Bd. of Trumball Cty Commrs. (1988), 36 Ohio St.3d 14, 16, 520 N.E.2d 1362,1364, quoting, Windham Bank v. Tomaszczyk (1971), 27 Ohio St. 55,271 N.E.2d 815. Therefore, in issues of contempt, we give broad discretion to the trial court, and we will not disturb its findings absent an abuse of discretion. Burma v. Burma, 1999 Ohio App. LEXIS 4788 (Oct. 7, 1999), Cuyahoga App. No. 74601, unreported, citing Lindsay v Curtis, (1996), 115 Ohio App.3d 742, 686 N.E.2d 313; Dubinsky v. Dubinsky, 2000 Ohio App. LEXIS 664 (Feb. 24, 2000) Cuyahoga App. No. 75403, unreported.
A party cannot be held in contempt if it is not within that party's power to comply with the court. Burma, (Oct. 7, 1999), Cuyahoga App. No. 74601, unreported, citing Courtney v. Courtney (1984), 16 Ohio App.3d 329,475 N.E.2d 1284. If a party makes a good-faith effort to pay support, contempt is not justified. Id. The burden to prove inability to pay is upon the obligor. Burma, supra, citing Allen v. Allen (1988),59 Ohio App.3d 54, 571 N.E.2d 139.
The trial court determined appellant had not made a good-faith effort to pay his child and spousal support obligation. At his first motion to modify, he failed to effect proper service. At appellant's second attempt to modify, the court was convinced his income was substantially reduced from the original amount. During the intervening years, appellant was obligated to make payments or payment arrangements. He chose to stay the course and, as a result, his arrears mounted. Accordingly, the trial court properly held him in contempt for the arrearages. Appellant's third assignment of error is overruled.
Judgment affirmed.
It is ordered that appellee recover of appellant her costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Domestic Relations Division of Common Pleas Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
ANNE L. KILBANE, J., and *JOYCE J. GEORGE, J., CONCUR.
* SITTING BY ASSIGNMENT: JUDGE JOYCE J. GEORGE, RETIRED, OF THE NINTH APPELLATE DISTRICT.
[1] The record indicates appellant is burdened by a $220,000 debt to the Internal Revenue Service and a $535,111.26 civil judgment.