{¶ 25} Although the majority opinion's disposition is proper based upon existing precedent, thus compelling my concurrence in the result, I write separately to express my personal opinion: I believe the trial court in this case committed plain error in issuing its initial judgment entry.
 {¶ 26} Public policy dictates that a parent has a duty to provide monetary support for his child. Allen v. Allen (1988), 59 Ohio App.3d 54. A parent, therefore, should not be totally excused from this duty without any showing of a good faith effort to make some type of payment. Id. It follows that the record in the first instance should demonstrate appellant's knowledgeable and voluntary waiver of the child's right to parental support from appellee.
 {¶ 27} In this case, the trial court in its decision to grant appellant's petition for divorce had the authority pursuant to R.C.3113.215(A)(5) to impute income to appellee based upon his area of expertise and its consideration of several other factors. English v.Rubino (Apr. 4, 1996), Cuyahoga App. No. 68901. Since the trial court had the obligation to safeguard the best interest of the child, its failure to issue any support order to appellee, in my view, remains inexcusable.