## REMUS *v.* RÉMUS.

1. DIVORCE—IMPROPER ADMISSION OF EVIDENCE.

   On plaintiff husband's appeal from decree, granting **divorce to** plaintiff and custody of minor child to defendant mother, it is assumed, without convincing evidence to the contrary, that the court disregarded all evidence improperly admitted.

2. SAME—CUSTODY OF CHILDREN—DIVISION OF PROPERTY—PRAYER FOR RELIEF.

   Fact that plaintiff husband's bill for divorce prayed for custody of the minor child of the parties and award of the property of the parties to him and that defendant prayed for no such relief but merely sought dismissal of plaintiff's bill, did not limit the court to those alternatives as the duty rests upon the court to determine custody of children and property rights regardless of the contents of the prayers for relief in those respects in either the bill or answer (CL 1948, §§ 552.16, 552.101, 722.541).

3. SAME—CUSTODY OF CHILDREN—FITNESS OF PARENT.

   Notwithstanding divorce was granted plaintiff husband on the ground of cruelty in that the defendant wife was infatuated and associated with another man extensively and openly, no adultery having been claimed, it was not improper to award custody of 2½-year-old son to his mother and award her a sum for the child's support and maintenance where such arrangement appeared to best serve the well-being of the child, and the trial court found that the defendant was a good mother, attached to the child, gave him good care and was a fit person to have his custody (CL 1948, § 722.541).

REFERENCES FOR POINTS IN HEADNOTES

[1] 3 Am Jur, Appeal and Error, § 940.
[2] 17 Am Jur, Divorce and Separation, § 445.
[2] Power of court to award alimony or property settlement in divorce suit as affected by failure of pleading or notice to make a claim therefor. 152 ALR 454.
[3, 4] 17 Am Jur, Divorce and Separation, § 683.

4. SAME—CUSTODY OF CHILD.

In determining what disposition to make as to the custody of a minor child of parties to suit for a divorce, the question is not one of the rights of the parties and whether either had forfeited such rights, but rather what would best serve the well-being of the child.

Appeal from Berrien; Westin (Edward A.), J. Submitted June 21, 1949. (Docket No. 79, Calendar No. 44,284.) Decided October 10, 1949.

Bill by Arnold Karl Remus against Mary Fox Remus for divorce and other relief. Decree granting divorce to plaintiff and custody of minor child to defendant. Plaintiff appeals. Affirmed.

*Charles W. Gore* and *Dora B. Whitney,* for plaintiff.

*Thomas N. Robinson,* for defendant.

DETHMERS, J. Plaintiff claims error in the trial court's admission of testimony concerning plaintiff's cruelty and other matters on the ground that defendant's answer amounted to a mere denial of the allegations in plaintiff's bill for divorce, alleging no affirmative defense, and that defendant filed no cross bill. "It must be assumed, without convincing evidence to the contrary, that the court disregarded all evidence improperly admitted. The reception of any such testimony, under the circumstances, is not error which so affects the merits of the case as to be grounds for reversal." *Westgate* v. *Westgate,* 291 Mich 18. It does not appear that the trial court relied on such testimony in arriving at its decision, nor do we; hence, the point merits no further consideration.

Plaintiff also contends that the court could not award custody of the minor child, alimony or divi-

sion of property to defendant because her answer contained no prayer therefor. While the decree did require plaintiff to pay a sum for the support and maintenance of the minor child in custody of defendant, it expressly provided that plaintiff should pay defendant no alimony. The fact that plaintiff's bill prayed for custody and award of the property of the parties to him and that defendant prayed for no such relief but merely for dismissal of plaintiff's bill of complaint, did not serve to limit the court to those alternatives. Plaintiff's bill prayed for a decree of divorce. In granting a decree of divorce the authority vests in and the duty reposes upon the court to determine questions concerning the custody of children and the respective rights of the parties in their property, regardless of the contents of the prayers for relief in those respects in either the bill or answer. CL 1948, § 552.101 (Stat Ann § 25.-131); *Losie* v. *Losie,* 323 Mich 300; CL 1948, § 552.16 (Stat Ann § 25.96); CL 1948, § 722.541 (Stat Ann § 25.311).

Divorce was granted plaintiff on the grounds of cruelty in that the defendant was infatuated and associated with another man extensively and openly. Adultery was not shown or claimed. Plaintiff urges that under such circumstances it was error to award custody of the parties' two and one-half-year-old son to the defendant wife. Plaintiff cites cases in which the wife's misconduct was such that custody of small children was held properly awarded to the husband. Defendant, on the other hand, cites cases in which, despite the wife's misconduct toward her husband entitling him to divorce, custody was nevertheless awarded to the wife. The trial court properly took the position that the question was not one of the rights of the parties and whether either had forfeited such rights, but, rather, what would best serve the well-being of the child. *Winn* v. *Winn*, 243

Mich 587; *Brookhouse* v. *Brookhouse,* 286 Mich 151; *Sawyer* v. *Sawyer,* 312 Mich 524.

An examination of the record convinces us that the trial court did not err in finding that the defendant was a good mother, attached to the child, gave him good care, was a fit person to have his custody, and that the best interests of the small child would be subserved by awarding his custody to the defendant mother as contemplated by the statute (CL 1948, § 722.541 [Stat Ann § 25.311]).

Decree affirmed, with costs to defendant.

SHARPE, C. J., and BUSHNELL, BOYLES, REID, NORTH, BUTZEL, and CARR, JJ., concurred.