DAVIS v. DAVIS.

1. DIVORCE—EXTREME CRUELTY—CUSTODY OF CHILDREN—EVIDENCE.
   Testimony in wife's suit for divorce *held*, sufficient to justify granting a divorce to defendant husband on his cross bill for extreme cruelty and to justify awarding custody of 9-year-old girl and 4-year-old boy to plaintiff wife.

2. PARENT AND CHILD—TAVERNS.
   A divorced mother should not take her 4- and 9-year-old children to taverns.

3. DIVORCE—CUSTODY OF CHILDREN—FITNESS OF MOTHER.
   A divorced mother who leads an immoral life is not entitled to look after the bringing up of the children.

4. SAME—CUSTODY OF CHILDREN—MODIFICATION OF DECREE.
   Minor children of divorced parties remain wards of the court and a decretal order in regard to their custody can always be revised and altered on good cause being shown (CL 1948, § 552.17).

Appeal from Shiawassee; Lyons (Willis L.), J. Submitted January 12, 1954. (Docket No. 57, Calendar No. 45,704.) Decided April 5, 1954.

Bill by Laura Davis against Arthur Davis for divorce because of extreme cruelty. Cross bill by defendant for divorce because of extreme cruelty. Decree for defendant on cross bill. Defendant appeals in respect to custody of children. Affirmed.

*V. O. Braun,* for plaintiff.

*Milton G. Schancupp,* for defendant.

REFERENCES FOR POINTS IN HEADNOTES
[1] 17 Am Jur, Divorce and Separation §§ 401, 683.
[4] 17 Am Jur, Divorce and Separation § 684.

BUTZEL, C. J. Laura Davis, appellee, sued Arthur Davis, appellant, for a divorce on the ground of extreme cruelty. He filed an answer and cross bill, asking that he be granted the divorce upon a similar ground. After considerable testimony was taken at the hearing, the judge expressed some doubt as to whether he should not deny a divorce to each party. The testimony showed such antagonism over a very long period that there was little chance for reconciliation. The judge, nevertheless, waited a long time before entering a decree so as to give the parties an opportunity for reconciliation. He finally granted a divorce to appellant, defendant and cross plaintiff, but awarded the custody of the minor children to plaintiff, the cross defendant. He ordered the appellant to pay her $18 a week for the support of the 2 children while they were living with her, but otherwise gave her no alimony. The family property, consisting mainly of a small house valued at $3,600, was ordered to be sold and the proceeds divided equally, with the right, however, of either party to buy out the other's interest by the payment of $1,800. The household furniture was given to the appellee, the automobile to the appellant. The judge also gave the appellant liberal periods when he might have the custody of the children, particularly during school vacations. Both parties seemed satisfied with the decree, except that the appellant has appealed from the part of the decree that awards the custody of the children to the appellee.

The parties were married in 1940 and have had 4 children, only 2 of whom survived, a girl and a boy, respectively of the ages of 9 and 4 at the time the decree was signed. There had been a previous divorce suit instituted by the plaintiff against defendant but it was discontinued upon a reconciliation. The parties had led a drab life. They lived in a small home without modern conveniences in

the village of Lennon, Shiawassee county, Michigan. Except for the period during which he was in the United States navy, appellant was a steady and industrious factory worker. There is testimony that he occasionally became intoxicated and it is also alleged that he abused appellee in a very shameful manner. She did the housekeeping, looked after the children, and kept them neat and clean.

A family by the name of Taylor resided within a hundred feet of the Davis home and appellee was a frequent and welcome visitor in the Taylor home. The entire Taylor family were very good friends of appellee. Marvin Taylor was particularly attentive to her, his attentions to the appellee being the basic cause of the marital discord. He had been divorced and was engaged to a woman in Tennessee. Appellant was away from home a large part of the time as he worked in Flint. Appellee very frequently went to a food supply store with the Taylors in Marvin Taylor's automobile. There were taverns and beer gardens in the vicinity to which appellee and members of the Taylor family frequently went, and occasionally appellee took the small children with her. This never happened, however, on the evenings preceding the days when the little girl went to school. Testimony also indicated that appellant had also stopped at a beer garden and left his young son in the car.

Appellee and Marvin Taylor, also referred to as Mr. X, became very fond of each other; they at times acted like an engaged couple. Adultery was neither charged nor proved. As a rule, members of the Taylor family were present when appellee and Marvin Taylor greeted each other in an affectionate manner. The employees of a detective agency, which had been retained by appellant, testified that on one occasion Taylor and appellee acted in a very indecent manner. It is claimed that this occurred

in an automobile under a bright light with several persons looking on. Both Taylor and appellee vigorously denied that such an incident took place. Judging from the exaggerated statements by the operators of the detective agency as to other events we have considerable doubt as to whether the incident took place as testified to. We believe, however, that there was sufficient testimony so as to show that the judge was justified in granting the divorce to appellant and awarding the custody of the children to appellee.

Appellant desired to place the children with his sister who lived some 6 miles from where he worked. He would, therefore, as he testified, be able to visit them every night or at least on week ends.

Appellee evidently has had a very unhappy life. She has lost much weight and is in need of an operation, but she is devoted to the children. There is no question but that these young children should not be taken to taverns by appellee. Nor should appellee, if she leads an immoral life, be entitled to look after the bringing up of the children. We are satisfied that appellee will conduct herself properly and carefully look after the children. The brief of the appellee calls attention to the fact that the judge had the report of the friend of the court, which does not appear in the record.

While appellee claims that $18 a week for the support of 2 children is inadequate, she does not cross appeal. The minor children remain the wards of the court, *Wallace v. Wallace,* 310 Mich 30; *Geark v. Geark,* 318 Mich 614, and a decretal order in regard to custody of the children can always be revised and altered on good cause being shown, CL 1948, § 552.17 (Stat Ann § 25.97). Parties as a rule conduct themselves in such a manner so as to make it unnecessary for the courts to step in and make any further orders.

Many cases on which both parties rely are cited. As a rule the facts in divorce cases vary. We have frequently approved decrees where one party is given the divorce and the other party the custody of the children. The recent case of *Remus* v. *Remus*, 325 Mich 641, is analogous to the case at bar and fully supports the opinion and decree of the trial court.

The decree is affirmed, with costs to appellee.

CARR, BUSHNELL, SHARPE, BOYLES, REID, DETHMERS, and KELLY, JJ., concurred.