## USENDEK *v.* USENDEK.

1. DIVORCE—CUSTODY OF CHILD—STATUTORY PREFERENCE.
   Statutory preferences as to custody of children in divorce case may be disregarded by the court when the best interest of the child dictates such action (CL 1948, § 722.541).

2. SAME—CUSTODY OF CHILD—DETERMINATION.
   A judicial declaration of parental unfitness to have custody of a child in divorce case cannot be based upon infrequent, isolated acts of indiscretion which give rise to damaging inferences, which in and of themselves do not necessarily evidence unfitness, but must be based upon evidence that is clear and convincing.

3. SAME—CUSTODY OF CHILD—WELL-BEING OF CHILD.
   Determination of the custody of a child in a divorce action is not a question of the rights of the parties and whether either has forfeited such rights, but, rather, what would best serve the well-being of the child.

4. SAME—CUSTODY OF CHILD—DISCRETION OF COURT.
   Award of custody of daughter, 3 years old at time of trial, to mother, in action in which divorce was granted to plaintiff father, *held*, not an abuse of discretion, where the testimony

───────────

REFERENCES FOR POINTS IN HEADNOTES
[1-4] 24 Am Jur 2d, Divorce and Separation § 783 *et seq.*
[5] 24 Am Jur 2d, Divorce and Separation § 812 *et seq.*

offered in the divorce action showed that the mother was given to the consumption of alcohol and keeping company with other men, but the testimony did not oblige the trial court to find that the mother was unfit or neglected her child, arousing only suspicion.

5. SAME—CUSTODY OF CHILD—MODIFICATION.

Granting of custody in a divorce action is in no way final disposition and is subject to review upon application by one of the parties, and if the application is supported by sufficient proofs to show that the child is being neglected, then a revision of the prior determination of custody would be in order (CL 1948, § 552.17).

Appeal from Wayne; Gilmore (Horace W.), J. Submitted Division 1 March 7, 1967, at Detroit. (Docket No. 1,071.) Decided November 28, 1967.

Complaint by Arthur R. Usendek against Sally L. Usendek for divorce. Judgment of divorce for plaintiff, with custody given to defendant. Plaintiff appeals from the award of custody only. Affirmed.

*Alfred Pagoto* and *Weideman & Knauer,* for plaintiff.

*Clarence H. Ledwon,* for defendant.

J. H. GILLIS, J. On May 31, 1963, Arthur R. Usendek, plaintiff, filed a complaint for an absolute divorce from Sally L. Usendek, defendant, upon grounds of misconduct and extreme repeated cruelty and for custody of a minor child, Tracy Lee Usendek. The defendant, in her answer, denied the plaintiff's allegations and filed a counter-claim and supplemental counter-claim, alleging the extreme cruelty of the plaintiff and prayed for absolute divorce and custody of the child.

On September 6, 1963, an order granting temporary custody to the wife was entered.

Trial of the divorce proceeding was commenced on April 5, 1965. The trial judge, on April 6, 1965, entered a judgment of absolute divorce in favor of the plaintiff, but deferred the matter of custody until April 29, 1965. The purpose of the deferment was to allow the parties to present what plans they had for the child in question, in the event he or she was awarded custody, and to provide time for a psychiatric evaluation of the parties.

On the appointed date, the court awarded custody to the defendant with adequate visitation rights to the father including a six-week custody period during school summer vacations. The court also ordered the plaintiff to pay $19 per week for the support of the child.

There was apparently no dissatisfaction as to the judgment of divorce, except that portion pertaining to the custody of the child, and it is from that decision the plaintiff has appealed.

The parties were married December 1, 1956, in the city of Detroit, and one child, Tracy Lee Usendek, was born to the marriage on June 21, 1961. The parties lived together in the marital home in St. Clair Shores, Michigan, until May 19, 1963, when, because of marital difficulties, they separated. Subsequently the divorce action was brought which resulted in the defendant being awarded custody of the child. Plaintiff is before this Court contending that the defendant, through her alleged misconduct, has forfeited her statutory preference to the child in question. It is the contention of the plaintiff that, considering the testimony presented at trial, the court clearly erred in finding the statutory presumption, being CL 1948, § 722.541 (Stat Ann 1957 Rev § 25.311),[1] not overcome.

---

[1] "That in case of separation of husband and wife having minor children, the mother of said children shall be entitled to the care

It is apparent from a reading of the statute that although preferences are given, those preferences may be disregarded by the court when the best interests of the child dictate such action.

The plaintiff presented testimony at trial which he contends substantiates his allegations as to the unfitness of the defendant. At trial, plaintiff testified and presented nine witnesses in his behalf among whom were friends, relatives and a private investigator. It was brought out at trial that the plaintiff and the enumerated persons had kept the defendant under almost constant surveillance in an attempt to gain corroborative information. The following is a brief summary of the testimony:

It was established that the defendant was employed as a bartender and part-time bar maid in the Medea Bar located in Macomb county. It is because of such employment and the late hours that it necessitated, plaintiff contends, that the child in question had her sleep interrupted. The plaintiff contends he had observed his wife embracing a particular party in the parking lot of her place of employment; that she was observed on different occasions with different men consuming alcohol; that on one occasion the defendant was alleged to have entered an apartment building where an alleged paramour resided and was not seen until the next morning when she

and custody of all such children under the age of 12 years, and the father of such children shall be entitled to the care and custody of all such children of the age of 12 years or over: Provided, That any probate court or any court of competent jurisdiction, may, on petition and hearing thereof, make and enforce such order or orders as it may deem just and proper as to the care and custody of such minor children, excepting in cases where an order or decree may have been made by any court in chancery, regarding such children; And provided further, *That nothing in this act shall prevent any court of competent jurisdiction from making and enforcing any such order or orders as it may deem just and proper as to the care and custody of such minor children in the same manner and with like effect as it could if this act had not been passed.*" (Emphasis supplied.)

appeared with her daughter in the parking lot of
the building; that the defendant was alleged to have
been in the company of married men in bars in the
city of Mt. Clemens; that on one occasion when the
plaintiff came to pick his daughter up, she was
dirty and unkempt; that defendant's car was parked
all night in front of the residence of her alleged
paramour; that the defendant had a problem with
alcohol and that in fact she was intoxicated on one
occasion in the presence of the child; that on an-
other occasion the defendant was in the presence of
another man in the state of partial undress; and
that defendant was alleged to have occupied a hotel
room in Rogers City, Michigan, with a male com-
panion.

The testimony at trial was replete with incidents
offered by the plaintiff and the witnesses in his be-
half that were persuasive in showing that the de-
fendant may not have been committed to a virtuous
life. The plaintiff contends that the testimony shows
that the defendant took employment in a bar to be
in a better position to associate with persons of ques-
tionable character; that defendant was engaged in,
at least inferentially, adulterous affairs, and that
because of defendant's overall lack of moral integ-
rity the care and welfare of his child is in jeopardy.
The question for this Court is whether, upon a con-
sideration of the testimony offered, the trial court
erred in awarding custody to the defendant.

The judicial declaration of parental unfitness can-
not be taken lightly in view of the severe emotional
impact that must result to the parent and, in most
cases, the child. It cannot, therefore, be based upon
infrequent, isolated acts of indiscretion which give
rise to damaging inferences, which in and of them-
selves do not necessarily evidence unfitness.

"Isolated instances of unwise parental action, or even of neglect, do not necessarily require loss of custody. The frailty of human nature and its imperfections are usually overbalanced by the warmth of parental affection and sometimes the child is more in need of the security of parental affection than perfection of parental precept and example." 1 Moore & Moore, Marriage, Divorce and Separation (2d ed), § 1512, p 522.

See, also, *Eichholtz* v. *Eichholtz* (1947), 319 Mich 42.

The real question then is whether or not there is sufficient evidence, in quality and quantity, to justify the court in finding that the welfare and best interests of the child dictates removal. In *Burkhardt* v. *Burkhardt* (1938), 286 Mich 526, the Court stated at 535:

"To deprive the mother of the custody and control of her son either on the ground that she is unfit or has relinquished her right by contract must be based upon evidence that is clear and convincing."

Again in *Terbush* v. *Terbush* (1950), 328 Mich 703, 709, the Court, in discussing the instant area, stated:

"Children need a mother's care, and a strong showing is necessary before they will be taken from her."

In the present case the judge was mindful of the fact that the plaintiff had presented sufficient grounds for granting the divorce, but he made it perfectly clear that as to the question of custody he was not concerned with the bitterness between the parents but with the welfare of the child. This approach is in keeping with *Remus* v. *Remus* (1949), 325 Mich 641, 643, where the Court stated:

"The trial court properly took the position that the question was not one of the rights of the parties and whether either had forfeited such rights, but,

rather, what would best serve the well-being of the child."

The question then was not whether the defendant was or was not a good wife, but rather, viewing the complete situation, was leaving the child in the custody of the defendant in keeping with the child's best interests?

The trial judge, in his attempts to safeguard the welfare of the child, took adequate steps to evaluate the situations of both parties. Psychiatric evaluations were ordered and plans as to what each party would provide as to the maintenance of the child were submitted. Upon a consideration of these matters, it cannot be said that the trial judge abused his discretion in reaching his decision.

The trial judge, in his decision, was mindful of the indiscretions of the defendant, but stated that there was no indication of any neglect of the child to overcome the statutory preference given the mother. The testimony at trial, although damaging inferentially, did not oblige the trial court to find that she was unfit or neglected her child. This was the prime concern of the court. In addition, the trial court had before it a report of the friend of the court which, upon extensive investigation, had recommended custody to the wife.

The plaintiff contends that if the misconduct of defendant was sufficient grounds for granting him a divorce, then he, as the nonerring party, should be entitled to custody. This, of course, is a misconception because as stated previously the sole concern of the court is the welfare of the child and not the guilt or innocence of the parties to the divorce. In *Davis* v. *Davis* (1954), 339 Mich 231, 235, the Court stated:

"We have frequently approved decrees where one party is given the divorce and the other party the custody of the children."

Also, see *Remus* v. *Remus, supra;* and *Russick* v. *Russick* (1951), 330 Mich 326.

In reaching its decision, this Court is mindful of the questionable conduct of the defendant and in no way condones her indiscretions. However, the evidence at trial does not require a conclusion that the defendant was guilty of such misconduct or neglect of the child in question as to necessitate denying her custody. The testimony regarding the defendant's conduct was sufficient to arouse suspicion, but suspicion and inferences are not necessarily enough to brand her unfit.

As pointed out by the trial court, the granting of custody was in no way a final disposition and it is subject to review. If upon application, supported by sufficient proofs, the court finds that the child is being neglected, then a revision of the prior determination would be in order. The statute relative to this point reads:

"The court may, from time to time afterwards, on the petition of either of the parents, revise and alter such decree concerning the care, custody and maintenance of the children, or any of them, and make a new decree concerning the same, as the circumstances of the parents, and the benefit of the children shall require." CL 1948, § 552.17 (Stat Ann 1957 Rev § 25.97).

This Court finds that the trial judge had sufficient grounds for his findings and we will not disturb the orders entered.

Affirmed. Costs awarded to appellee.

LESINSKI, C. J., and LEVIN, J., concurred.