WOODLING v. PRESLER

DIVORCE—CHILD CUSTODY—CHANGE OF CUSTODY—CHANGED CIRCUM-
STANCES.
>A change in the custody of a child was erroneously granted even
>though the court's opinion stated the change was for the
>child's best interests where there was no change in circum-
>stances justifying the custody change based on the child's
>welfare.

Appeal from Ingham, Sam Street Hughes, J. Submitted Division 2 October 9, 1971, at Lansing. (Docket No. 11783.) Decided November 29, 1971. Leave to appeal granted, 387 Mich 810.

Valerie Presler Woodling moved to amend a judgment of divorce to change custody of her daughter from Richard Presler, defendant, to herself. Motion granted. Defendant appeals. Reversed.

*Gerald R. Goulet,* for plaintiff.

*Vander Veen, Freihofer & Cook* (by *Peter R. Tolley*), for defendant.

Before: McGREGOR, P. J., and FITZGERALD and QUINN, JJ.

PER CURIAM. November 4, 1966, defendant was granted a divorce from plaintiff on his cross-com-

---

REFERENCE FOR POINTS IN HEADNOTE
59 Am Jur 2d, Parent and Child §§ 25, 28–32.

plaint and he was awarded custody of his four-year-old daughter. November 19, 1970, plaintiff filed her petition requesting a change of custody from defendant to plaintiff. April 19, 1971, the trial court ordered the requested change of custody and defendant appeals.

The statutory authority to alter the custody provision of a divorce judgment, MCLA § 552.17 (Stat Ann 1957 Rev § 25.97), is properly exercised "on good cause being shown", *Davis* v. *Davis* (1954), 339 Mich 231. The parent seeking the alteration bears the burden of proving a change in circumstances which justifies a change of custody on the basis of the welfare and best interests of the children. *Hentz* v. *Hentz* (1963), 371 Mich 335. Codification of this requirement occurred in 1970, PA 1970, No 91, MCLA 1971 Cum Supp § 722.27(c) (Stat Ann 1971 Cum Supp § 25.312[7][c]).

In its opinion, the trial court stated, "The court believes that the best interests of the child, Heidi Presler, would be served by awarding custody of that child to her mother, Valerie Woodling, at the end of the current school year", but it found no facts on which this belief was based. Our review of the record discloses no change in circumstances which justifies the change in custody on the basis of the welfare and best interests of the child. Plaintiff failed to meet the required burden of proof.

Any benefit plaintiff might have had under the provisions of MCLA § 722.541 (Stat Ann 1957 Rev § 25.311) no longer exists. That statute was repealed by PA 1970, No 91.

Reversed with costs to defendant.